W. W. CARNEY v. SHAW F. NEELEY, *Mayor of the City of Leavenworth, etc.*

No. 11449.

1. CITY ORDINANCE—*Effect of Reenactment of Statute.* The reenactment of a statute authorizing the passage of an ordinance providing for the determination of an election contest does not abrogate such an ordinance passed in pursuance of the earlier statute.

2. ——— *Contest Court—Not Repugnant to Statute.* The provisions of an ordinance providing for deciding such contests examined, and held not to be so repugnant to the "Australian-ballot law" and other provisions governing elections as to effect an implied repeal of the ordinance.

3. MAYOR—*Contest Court—Duties—Mandamus.* It is the duty of the mayor, as presiding officer of the city council sitting as a contest court, to administer oaths to witnesses whose testimony is desired in the contest, and to submit to the decision of the court motions made by members thereof pertaining to the contest, and if he refuse, mandamus is a proper remedy to compel the performance of such duties.

Original proceedings in mandamus. Opinion filed June 10, 1899. Writ allowed.

*W. A. Porter*, and *Dawes, Harkness & Wulfekuhler*, for plaintiff.

*Kelso & Van Tuyl*, for defendant.

The opinion of the court was delivered by

JOHNSTON, J. : On a canvass of the votes cast at the recent election of officers in the city of Leavenworth, George W. Kierstead was declared to be elected to the office of councilman. W. W. Carney, who was an opposing candidate for the same office, instituted a contest before the city council in pursuance of a city ordinance purporting to authorize a contest. The city council met at an appointed time to consider the contest, the mayor, Shaw F. Neeley, presiding, and after the contest court was organized motions for the adoption of rules governing the contest were made, but the mayor refused to submit such motions or to submit appeals taken from his decisions refusing to submit. He also refused to administer an oath to the city clerk, who had charge of the ballots proposed to be counted, and whom the contestor desired to have sworn as a witness in order that the ballots might be identified. This proceeding was then brought to compel the mayor, as the presiding officer of the contest court, to submit such motions, to administor oaths to witnesses, and otherwise to proceed with the contest in an orderly

43—60 KAN.

way and in accordance with laws and the rules established for that purpose.

Several reasons are suggested for the action of the mayor, but the one mainly relied on by his counsel is that there is no ordinance of the city of Leavenworth providing for a contest, or any authority in the city council to determine the rights of contesting parties to city offices. The ordinance, the existence and validity of which are assailed, was passed in 1862, and, so far as it is pertinent to this controversy, provides:

" SEC. 20. If any person desire to contest the election of any person appearing by said returns to have been elected to any office, such person shall state in writing to the city council, at said meeting, the grounds of said contest, and the city council shall fix a time and place at which they will hear and determine said contest.

" SEC. 21. The person making such contest shall, within twenty-four hours after filing with the city council a notice of said contest, serve the person whose election he contests a similar notice of the grounds of said contest, with the time and place at which the city council will hear and determine the same.

" SEC. 22. At the time and place fixed by the city council they shall hear and determine said contest as in their judgment shall appear just and lawful, and the decision rendered by the city council shall be final and conclusive."

When the ordinance was passed a statute was in force substantially in the same form as it exists now, authorizing the city council to provide by ordinance for the election of city officers, and for deciding contested elections. (Comp. Laws 1862, ch. 46, § 14 ; Gen. Stat. 1889, ¶ 555 ; Gen. Stat. 1897, ch. 32, § 111.) It is contended that the provisions of the ordinance quoted are not in force, but were repealed, or nullified, by the enactment of the "Australian-ballot law."

Carney v. Neeley.

There is no claim that the ordinance was expressly repealed, but simply that subsequent statutory provisions are so inconsistent with it as to effect an implied repeal.  The legislature may by statute repeal or annul a city ordinance, but repeals by implication are never favored, and "the right to pass ordinances given to a municipal corporation by its charter will not be adjudged to be taken away by subsequent legislation unless it is wholly impossible to reconcile the state right with that conferred by the charter." (17 A. & E. Encycl. of L. 246 ; *In re Mollie Hall*, 10 Neb. 537, 7 N. W. 287 ; *The Trustees of the Erie Academy v. City of Erie*, 31 Pa. St. 515 ; *The State, ex rel. Warring, v. The Mayor*, 24 Ala. 701.)

One contention is that the act of 1862, under which the ordinance providing for contests was passed, had been superseded, and that the repeal of that act necessarily annuls the ordinance.  It is true that there have been revisions of the statutes relating to cities, but in these the provision in question has been reenacted substantially in the same language, and in this way it has been continued uninterruptedly in force. Such reenactment, although one statute was substituted for another, did not abrogate the ordinance authorized by the statute, for the reason that the statutory authority for the ordinance was never withdrawn.  Such cases are likened to the adoption of a new constitution, with respect to which it has been held that the laws passed under the old constitution, and which are in harmony with the provisions of the new, remain in force the same as though no new constitution had been adopted. (*Cass v. Dillon*, 2 Ohio St. 607 ; *Chamberlin v. The City of Evansville*, 77 Ind. 542 ; Dillon, Corp., §§ 52, 53.)

It is said that some features of the ordinance are

repugnant to the "Australian-ballot law" and other provisions of statute, resulting in an implied repeal of the former. The subsequent legislation to which attention is called relates mainly to the qualification of voters and to certain steps preceding the election, but it is in no sense repugnant to the holding of a contest to determine the rights of parties after the election has been held. Only a clear repugnancy between such provisions would operate as an implied repeal, and we are unable to discover any such conflict as would require an overthrow of the ordinance.

The mayor is the presiding officer of the council, with authority to administer oaths pertaining to all matters wherein an oath is required. (Gen. Stat. 1897, ch. 32, § 55.) The mayor assumed the right to preside over the council when sitting as a contest court, as we think he had a right to do, and it was his duty to administer oaths when witnesses were offered for that purpose.

There is a further contention that this is a contest of the right to an office, and that mandamus is inapplicable and unauthorized, but that *quo warranto* is the ordinary and proper remedy in such cases. This proceeding is not brought to determine the right to an office, but to compel an officer to perform the duties devolving upon him in a contest for an office in another tribunal — a contest authorized by statute. It is an appropriate, and in fact the only effective remedy open to the plaintiff.

Some other objections of an unimportant character are made, but we find nothing substantial in them or in any of the defenses set up by the defendant. The motion to dismiss is without merit. It is the duty of the mayor as the presiding officer of the council to administer oaths to witnesses when required, to submit

Carney v. Neeley.

motions made by members of the council, and other-
wise to perform the duties devolving upon him as the
presiding officer of the contest court in an orderly way,
according to the requirements of the statute and the
rules prescribed by the council.

The peremptory writ will issue, commanding the de-
fendant to call a meeting of the council at some time
before the 1st day of July, 1899, and, when the con-
test court is reconvened, to proceed with the perform-
ance of the duties named in the alternative writ and
hereby required.