### W. E. McClure *et al.* v. T. A. Scates.

**No. 11,983.** ( 67 Pac. 856.)

SYLLABUS BY THE COURT.

1. MANDAMUS—*Recovery of Damages—Practice.* Where a judgment is rendered in favor of the plaintiff in a mandamus proceeding, he may, in the same proceeding and as a part of his remedy, recover such damages as he has actually sustained through the wrong-doing of the defendants.

2. ——— *Election Contest—Measure of Damages.* Where a proceeding is brought to compel a contested-election court to settle and sign a bill of exceptions, and judgment is given for plaintiff, he may recover as damages attorneys' fees and other expenses necessarily incurred in procuring the settling and signing of the bill of exceptions.

Error from Seward district court; WM. EASTON HUTCHISON, judge. Opinion filed February 8, 1902. Affirmed.

*Milton Brown*, for plaintiffs in error.

*T. A. Scates*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : In the trial of a contested election in Seward county, the contest court determined that T. A. Scates, who claimed the the office of county attorney, had not been elected. Scates immediately prepared and presented to the contest court a bill of exceptions for settlement and to be signed when settled, but the judges of the contest court separated without taking any action, and Scates then brought this proceeding in mandamus to compel the settling and signing of a bill of exceptions. One of the judges, C. S. Kilgore, answered that he was ready to proceed to settle and sign, but service was not obtained on the other judges until a second writ was issued. When

they were found and service of the writ made, they answered that the bill of exceptions presented was untrue ; that it could not be corrected except "by long, laborious and tedious clerical work of moment, and requiring many days." Upon further inquiry, the court determined that the reasons set up for not settling and signing a bill of exceptions were not good, and that the returns were insufficient, and within an hour or two the judges amended their returns, stating that a bill of exceptions had been settled and signed by them ;. and the one signed is substantially the same as the one first presented to them.

The decision and judgment of the trial court were in favor of Scates, and it was further held that he was entitled to the damages which he had sustained from the wrongful acts of the defendants.

At the request of the defendants, a jury was called to determine the damages sustained by the plaintiff. The court, at the instance of the defendants, required the plaintiff to set up by way of amendment an itemized statement of the damages which he had sustained, and upon proof offered, the jury assessed his damages at $106.20, and for this amount judgment was rendered.

No sufficient excuse for their failure to act was alleged or shown by the members of the contest court, and their conduct as disclosed by the record evinces a disposition to avoid a plain duty. The bill of exceptions presented to them was a *bona fide* one, and the fact that they promptly signed it without substantial change when evasion was no longer possible shows a lack of good faith when they first answered that it could only be corrected "by long, laborious and tedious clerical work of moment, requiring many days."

The objections to the rulings upon the returns made by the judges are without merit, and no good reason

was shown for a continuance of the hearing upon claim of damages. Under the code, damages may be allowed in a somewhat summary way and as an incident to a proceeding in mandamus. It is provided that "If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay." (Civil Code, § 697; Gen. Stat. 1901, § 5193.) Instead of resorting to a separate action for damages, the successful plaintiff may secure them as a part of his remedy in mandamus; and the code further provides that "a recovery of damages by virtue of this article against a party who shall have made a return to a writ of mandamus is a bar to any other action against the same party for the making of such return." (Civil Code, § 698; Gen. Stat. 1901, § 5194.) Through dereliction of duty on the part of the contest court, the plaintiff incurred loss and expense for which the recalcitrant judges are liable. The plaintiff was entitled to recover as damages the necessary outlay for attorneys, as well as for other loss and expenses resulting from the wrong of the defendants. Such expenses were allowed in a mandamus proceeding in this court, where judgment was rendered in favor of the plaintiff. (*Carney v. Neeley*, 60 Kan. 672, 57 Pac. 527.) No mention is made of damages in the written opinion, but in a supplementary proceeding damages were claimed and allowed, over the objections of the defendant.

We find sufficient evidence to sustain the award of damages, and discover no substantial error in submitting the question to the jury. The judgment of the trial court will, therefore, be affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.