RUTH NOLTE, *Appellee,* v. THE MONTGOMERY HOME TELEPHONE COMPANY *et al.* (THE KANSAS CITY LONG DISTANCE TELEPHONE COMPANY, *Appellant*).

No. 17,518.

SYLLABUS BY THE COURT.

MANDAMUS—*Damages—Attorneys' Fees.* Under the facts found upon the trial of this action in mandamus it was not error for the court to render judgment against the appellant for damages and costs; the damages being the sum reasonably expended by appellee as attorneys' fees for the prosecution of the action.

Appeal from Montgomery district court. Opinion filed March 9, 1912. Affirmed.

*Edw. H. Chandler,* for the appellant.

*Banks & Bertenshaw,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: There is no dispute about the facts in this case. The only question presented for consideration is whether the judgment rendered against the appellant for $50, being the amount appellee had expended for attorneys' fees in bringing the action, is legal.

The appellant was a public service telephone corporation. The appellee's dwelling house was connected with the wires of the appellant and there was nothing to prevent the company from rendering her service, as it furnished such service to others similarly situated. The company had at one time furnished the appellee telephone service in the same house, but for a time she vacated the house and rented it to a tenant. During this time the company had removed the telephone. After her reoccupancy of the dwelling house she tendered the company payment for its service for three months in advance and requested appellant to reinstall a telephone in the house and to resume the service. This the

company refused to do. Thereafter the appellee employed attorneys who prepared and filed her verified petition, motion and affidavit for a peremptory writ of mandamus and duly served notice upon appellant that the petition would be presented for allowance to the judge of the district at his chambers in the city of Independence on August 30, 1910. Thereafter, on the day prior to the date set for the hearing, the company reinstated a telephone in the dwelling house of appellee and thereafter continued to render proper service. The hearing of the case before the judge at chambers was continued for hearing before the district court. At the time set for hearing before the court both parties appeared, the case was tried, and the court made findings of fact and rendered judgment as follows:

"That in order to procure from the said defendant, The Kansas City Long Distance Telephone Company, telephone service, it became and was necessary for her to employ counsel and to file in this court her petition, affidavit and motion asking for peremptory writ of mandamus against said defendant, The Kansas City Long Distance Telephone Company, and to serve notice upon the said Kansas City Long Distance Telephone Company, that upon, to wit, the 30th day of August, 1910, she would present to the Hon. T. J. Flannelly, Judge of the Fourteenth (14) Judicial District of Kansas, at his chambers at Independence, Kansas, at 9 o'clock on said day, her said petition, affidavit and motion asking for a peremptory writ of mandamus against the said defendant, The Kansas City Long Distance Telephone Company, requiring the said defendant to furnish her telephone service, such as it furnishes to persons similarly situated in the City of Independence, Kansas, and that in order to bring about this result, the said plaintiff employed Banks & Bertenshaw, attorneys at law, to prepare and file her petition, affidavit and motion and present said cause to the said Judge at his chambers, thereby incurring an indebtedness in the sum of $50.00, and that prior to the action, this said defendant, The Kansas City Long Distance Telephone Company failed to install for plaintiff a telephone in her said dwelling and to furnish her telephone service such

as was furnished to persons similarly situated; she was and is damaged in the sum of $50.00.

"Wherefore, it is by the Court, ORDERED, CONSIDERED, DECREED AND ADJUDGED, that said plaintiff have and recover of and from the said defendant, The Kansas City Long Distance Telephone Company, the sum of $50.00, .her damages sustained herein and her costs expended at $10.00.

"Said sum of $50.00 being awarded to the said plaintiff as attorney's fees for said attorneys, Banks & Bertenshaw, in this action.

"Hereof let execution issue. To all of which, except the amount of said attorney's fee, said defendant, The Kansas City Long Distance Telephone Company, then and there excepted and excepts."

Thereupon the appellant filed a motion for a new trial, which was overruled. The appellee contends that, as the amount involved is less than $100 and the case does not fall within any exception to the rule prescribed in section 566 of the civil code, the action is not appealable. True, the case does not come within any of the exceptions, but it is also true that it does not fall within the general rule therein prescribed. This is not "an action for the recovery of money." The appeal will not be dismissed.

The appellant contends that the appellee did not recover judgment in the action and therefore could not recover damages. Of course, it is intended to say, as is the fact, that the appellee did not recover a judgment of mandamus. It would have been futile to adjudge that an act should be done which already had been done. The bringing of the action really accomplished, before the trial, the result demanded by the appellee. The court however found that, to obtain the relief, it was necessary for the appellee to bring the action and in substance that the allegations of her petition were true. The appellant in effect confessed the appellee's cause of action by complying with the appellee's demand before the day of trial. The court also found that before such compliance the appellee had been damaged in the

sum of $50 paid or contracted to be paid to her at-
torneys by reason of the fact that the appellant had re-
fused to perform its obvious duty.

Section 723 of the civil code is cited as the only au-
thority for rendering a judgment for the recovery of
damages in an action of mandamus.  It reads:

"If judgment be given for the plaintiff, he shall re-
cover the damages which he shall have sustained, to be
ascertained by the court or jury, or by referees, as in a
civil action, and costs; and a peremptory mandamus
shall also be granted to him without delay."

The only question is whether the defendant in such
an action can defeat the plaintiff's right to recover the
damages he has theretofore suffered by complying with
the demand after the action is brought and before the
time set for the hearing for the peremptory writ.  The
appellant concedes that the court in its discretion could
tax the costs of the proceeding to the appellant.  In *Mc-
Clure v. Scates,* 64 Kan. 282, 67 Pac. 856, it was decided
that the plaintiff in such an action may, "in the same
proceeding and as a part of his remedy, recover such
damages as he has actually sustained through the
wrong-doing of the defendants."  (Syl. ¶ 1.)  Also,
that the attorneys' fees and other expenses necessarily
incurred are included in such damages.  (See, also,
*Larabee v. Railway Co.,* 85 Kan. 214, 116 Pac. 901.)
Indeed, it is quite customary in original actions of man-
damus in this court to allow the petitioner, if successful,
to recover attorneys' fees and other expenses as dam-
ages.  This does not usually appear in the opinions filed
for the reason that such allowances are made, after the
decisions are filed, upon motion.

It is true that judgment was not rendered in favor of
the appellee for one part of the remedy to which she
was entitled for the reason before stated.  But the find-
ings were in favor of the appellee, and there is the same
authority under the section quoted for the court to as-
certain and render judgment for the damages sustained

as there is for assessing the costs against the appellant, and it would appear to be a travesty on justice that the defendant in an action could satisfy part of the remedy to which the plaintiff was entitled and thereby prevent the recovery of another part.

We think the judgment of the court is correct and it is affirmed.