Nos. 18,934 and 18,935.

THE COLUMBIA KNICKERBOCKER TRUST COMPANY and E. D. LEVINSON & COMPANY, *Plaintiffs*, v. C. C. FINNEY, as Mayor of the City of Atchison, et al., *Defendants*.

#### SYLLABUS BY THE COURT.

1. MANDAMUS—*No Peremptory Writ Issued—Damages Allowed.* Under the provisions of section 723 of the civil code, providing for the allowance of damages in actions of mandamus, the court may allow the plaintiff damages sustained without the issuance of a peremptory writ.

2. SAME — *Defaulted City Bonds — Alternative Writ Issued— Bonds Paid—Attorneys' Fees and Expenses Allowed.* The holder of defaulted bonds issued by a city brought mandamus to compel the officers of the city to levy a tax to pay the bonds. An alternative writ issued, and thereafter the city paid the plaintiff the full amount due on the bonds. *Held*, that the plaintiff is entitled to an allowance of attorneys' fees and expenses as damages in the action, notwithstanding no peremptory writ issued.

· Original proceeding in mandamus. Opinion filed November 14, 1914. Damages allowed.

*Charles Blood Smith, Samuel Barnum,* both of Topeka, and *Davies, Auerbach & Cornell,* of Chicago, Ill., for the plaintiffs.

*James W. Orr, Walter E. Brown,* and *T. A. Moxcey,* all of Atchison, for the defendants.

The opinion of the court was delivered by

PORTER, J.: The plaintiff in each of these cases has filed an application for the allowance of damages, including the fees and expenses of attorneys. In July, 1913, when the cases were commenced, there was a hearing before the court upon an application for the allowance of an alternative writ of mandamus to compel the defendant officers of the city of Atchison to levy a tax for the payment of defaulted bonds issued by the city. The plaintiffs owned $55,000 of the bonds; the defendant officers had recognized the validity of the bonds but had failed and refused to make any levy for paying the same.

After the court had made an order allowing the alternative writ, and on or about September 30, 1913, as appears from the stipulations on file, the city of Atchison paid the plaintiffs the full amount due upon the defaulted bonds. By stipulations filed here the parties have agreed upon what would be a reasonable attorney's fee in each of the cases, and also upon the amount actually expended by the plaintiff for the traveling expenses of its New York counsel in attending the hearing for the allowance of the alternative writ. The defendants object to the allowance of any damages on the ground that no final order or judgment was ever made by the court nor any peremptory writ issued, and that no tax was levied by the city to apply on the bonds. It is further insisted that plaintiffs are estopped to claim any damages for the reason that after the institution of

these suits, and before any judgment of the court, the plaintiffs voluntarily surrendered the bonds to the city and accepted payment thereof without making any claim for damages, and without obtaining any order or judgment of this court. The defendants rely upon the language of section 723 of the civil code, providing for the allowance of damages in proceedings of this kind, which reads:

"If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay."

It is contended that unless there has been a judgment directing the issuance of a peremptory writ of mandamus, no allowance of damages is proper; that the question of damages in mandamus is merely incidental and must be predicated upon a judgment, and it is urged that because the plaintiffs are not now asking and have not taken judgment for the relief sought in the original information, the court has no authority to allow damages. In this connection it is urged that it was to the financial advantage of the plaintiffs to surrender the bonds and to receive the entire amount due thereon rather than to take an order of the court compelling the levy of a tax to pay the bonds, for the reason that the levy necessarily would have been extended by the court over a term of years, as the court in making the provisional order indicated it would do. It is said that if the defendants had made no settlement with plaintiffs, and judgment had been entered by the court, as prayed for, plaintiffs would not have received any part of the money until after the payment of the taxes of 1913, and would have been compelled to accept the payment of its debt in installments with interest at only four per cent, according to the terms of the bonds; but since they were paid in full September 30, 1913, sooner than they would possibly have been paid

under any judgment of the court, they ought not to be allowed any damages.

The contention that the court is without authority to allow damages, except where a peremptory writ is issued upon final judgment, is answered by the case of *Nolte v. Telephone Co.*, 86 Kan. 770, 121 Pac. 1111. That was a mandamus proceeding to compel a telephone company to install service in the home of the plaintiff, the company having refused to do so without legal excuse. After the application had been filed and the cause noticed for hearing, the defendant company, on the day before the matter was to be heard, performed its duty and reinstated the telephone, and continued thereafter to render satisfactory service. The district court where the proceeding was instituted allowed the plaintiff damages, and on appeal to this court the allowance was sustained. It was held that under the provision of the statute quoted there is the same authority to ascertain and render judgment for the damages sustained as there is for assessing the costs against the defendant. A stronger case for the allowance of damages is presented here than in the case cited, because there was a hearing in this court and an order and judgment rendered before the bonds were paid. The institution of the mandamus proceedings was necessary to protect the rights of the plaintiffs because of the failure of the defendants to perform their plain duty. The same reason exists for the allowance of damages as if the action had been resisted and a final judgment rendered ordering a peremptory writ. The statute does not in terms provide that damages can be allowed only where a peremptory writ issues. In addition to providing that the plaintiff shall recover his damages it provides that he shall "also" be granted a peremptory writ, and without delay. It often happens that the defendant complies with the alternative writ, and a peremptory one, having no office to perform, is not issued. It seems unreasonable to construe the statute to mean that where

20—93 KAN.

the defendant has complied with the alternative order and the plaintiff waives the issuance of the peremptory mandamus, he waives the right to recover the damages sustained. Before any action was brought the city offered the plaintiffs an extension of new bonds bearing the same rate of interest as the defaulted bonds, which offer plaintiffs refused. Their subsequent acceptance of payment of the bonds without demanding damages did not estop them from claiming damages in these actions any more than it would estop them from claiming their costs.

We think the application must be allowed, and as there is no dispute with respect to the reasonableness of the fees asked or the amount of the expenses incurred, the order will be that damages are allowed in the amounts agreed upon in the stipulations.