## CLOSE BROS. & CO. v. CITY OF OKLAHOMA CITY et al.

No. 8912—Opinion Filed Jan. 6, 1920.

Rehearing Denied Feb. 3, 1920.

(Syllabus by the Court.)

**Mandamus—Right to Writ.**

Mandamus will not be awarded when the right to the relief sought is not clear and free from doubt, and will not issue in any case where the petitioner has a plain and adequate remedy in the ordinary course of the law.

Error from District Court, Oklahoma County; Edw. D. Oldfield, Judge.

Action by Close Brothers & Company against the city of Oklahoma City to compel levy and certification to the county treasurer of one year's additional interest on certain paving certificates issued by the officials of Oklahoma City in payment of the contract for certain paving within the limits of said city. Judgment for defendants, and plaintiff brings error. Affirmed.

Tibbetts & Green, for plaintiff in error.

B. D. Shear, A. T. Boys, and C. M. Thorp, for defendants in error.

OWEN, C. J. This is an action for mandamus to compel the city authorities to levy and certify to the county treasurer one year's interest on certain paving certificates held by plaintiff. It is alleged that the paving

certificates were issued at various times from October 26, 1905, to December 8, 1915, bearing interest from date, and that no levy and certification to the county clerk was made until the year 1906, and no payments were made to the plaintiff upon said paving certificates until during the year 1907. It appears the certificates were paid, together with ten years' interest, but it is alleged there is still one year's interest due on account of failure of the city officials to levy assessments for the first year's interest due on the certificates and to certify these assessments to the county clerk.

The certificates were issued under section 449 of Wilson's Rev. Stat. of 1903, and the assessments made under subsequent sections of this statute. The statute provides that upon completion of the contract the mayor and council shall cause certificates to be issued, without expressly providing the time in which such action shall be taken, and the provisions relating to the levy of the assessments are indefinite as to the time for making such levy.

The rule is well settled that mandamus will not be awarded when the right of relief sought is not clear and free from doubt, and will not issue in any case where the petitioners have a plain and adequate remedy in the ordinary course of law. City of Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585; 18 R. C. L., p. 128 (section 41); 26 Cyc. 153. From a reading of the various sections of the statute applicable, it will readily be seen that plaintiff's right to relief sought is not clear and free from doubt. The amount due, if anything, depends upon the time the certificates should have been issued and the time for levying the assessments. The amount should be determined in a proper action at law, and not by mandamus.

The judgment of the trial court is affirmed.

RAINEY, PITCHFORD, JOHNSON, McNEILL, and HIGGINS, JJ., concur.