Note.—See under (1) 38 Cyc. pp. 1545, 1585. (2) 38 Cyc. p. 1565. (3) 38 Cyc. p. 1579.

---

## BATH v. DUMAS.

No. 15952—Opinion Filed April 21, 1925.

Rehearing Denied May 12, 1925.

(Syllabus.)

1. **Mandamus—Nature of Remedy—Right to Writ.**

The remedy by mandamus. as authorized by article 12, chap. 3. Comp. St. 1921, is distinguished from remedies by ordinary civil actions by sections 171-173, inclusive, and, as therein distinguished, is a **special proceeding.**

Under section 446, Id., the writ may issue to compel performance of any act which the law specially enjoins as a duty, but in no case will a writ issue unless the applicant therefor shows himself entitled to a clear legal right thereto.

Though a petitioner may show himself entitled to a clear legal right to relief, yet he is not entitled to relief by mandamus if he has a plain and adequate remedy in the ordinary course of the law. Section 447, Id., provides: "This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

2. **Same—Right to Writ Not Clear—Action by Teacher Against Board for Possession of Schoolhouse.**

In a proceeding for mandamus to compel a district school board to deliver the keys and possession of the school building to a teacher, holding a contract to teach a specified term of months at a specified salary, where it is not clear whether to issue such writ would be to compel the school district to assume obligations to pay more for salary for teachers than it had estimated for salaries for that year, and also not clear whether to issue such writ would be to compel the district school board to breach its contract with another teacher, the validity of whose contract has not been determined, and who is not a party to the proceeding, the right to a writ is not made clear and it is properly refused.

3. **Appeal and Error—Affirmance of Proper Judgment Based on Wrong Reason.**

Though a wrong reason may be given for a judgment, yet if such judgment be correct under the law and facts in the case, it will not be reversed.

Error from District Court, Creek County; Thos. A. Edwards, Assigned Judge.

Mandamus by Bessie Bath against J. H. A. Dumas, Director of School District No. 76, Creek County. Judgment for defendant, and plaintiff brings error. Affirmed.

Daivs & Frazier, for plaintiff in error.

Streeter Speakman, for defendant in error.

HARRISON, J. This was a proceeding for a writ of mandamus to compel the director of the district school board to deliver the schoolhouse keys and possession of the schoolhouse to plaintiff, in order that she could fulfill her contract with the board to teach a nine months' term of school. The cause is here by appeal from the judgment of the district court refusing to issue the writ.

The facts are that in April, 1924, plaintiff, Bessie Bath, entered into a contract with the then existing school board of district No. 76, Creek county, to teach a nine months' term of school at $125 per month. She held no certificate at the time the contract was entered into, but later, and before the time for beginning of the school term, she obtained a certificate and her contract was approved by the county superintendent.

Between the date of her contract with the school board and the date for the beginning of the school term which she was to teach, there was a change in the personnel of the school board, two members having retired, and a new clerk and new member had come on the board, with the director who was on the former board. The new board entered into a contract with another teacher, thus seemingly disregarding the contract with plaintiff.

Under plaintiff's contract with the old board, the school term was to begin the first Monday in September, but under the contract between the new board and the other teacher, the term was to be divided, two months of which was to be taught during the summer months and the remainder of the term during the fall and winter months, and the other teacher had taught two months during the summer. When the time came for the beginning of plaintiff's term, the first Monday in September, 1924, she went to the schoolhouse to begin her school term and found the door locked; she thereupon demanded the keys from the director, Dumas, who refused to turn them over to plaintiff and refused to give possession of the school building to her, whereupon she filed this proceeding for writ of mandamus to compel defendant in error, Dumas, as director, to deliver the schoolhouse keys to plaintiff and otherwise give her possession of the school property, in order that she might teach the term she had contracted to teach.

An alternative writ was issued, and upon the issues made by her petition and the answer and return filed by defendant, the cause was tried, and the writ refused, and plaintiff appealed here.

The case presents an unmixed question of law, viz.: Whether, under the facts, plaintiff was entitled to the writ. The remedy by mandamus, as authorized by article 12, chap. 3, Comp. St. 1921, is distinguished from the ordinary civil actions by sections 171 to 173, inclusive, Comp. St. 1921, and as therein distinguished is a **special proceeding.** Under section 446, Id. it may be issued to compel performance of any act

which the law specifically enjoins as a duty. In no case will a writ issue unless the applicant therefor shows himself entitled to a clear legal right. Huddleston v. Board of Com'rs, 8 Okla. 614, 58 Pac. 749; Shawnee v. Tecumseh, 52 Okla. 509, 150 Pac. 890; Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585; Close Bros. v. Okla. City, 77 Okla. 104, 186 Pac. 931; Strother v. Bolen, 72 Okla. 310, 181 Pac. 299.

The foregoing decisions of this court and many others which are unnecessary to cite are in view of the provisions in section 446, supra, 'That a writ may be issued to compel the performance of any act which the law specially enjoins as a duty." Usually the rule is stated from the reverse standpoint, to wit: "The writ will not issue unless plaintiff shows a clear legal right thereto." The statement of the rule in this form is both logically and legally correct, for, if the law specially enjoins a particular duty upon an officer, then a party adversely affected by a failure to perform same could easily show a clear legal right to have such duty performed, and conversely, it would be extremely difficult to show a clear legal right to have an officer perform a given duty, unless the law made it the duty of such officer to perform such act. But though a petitioner may show a clear legal right to the performance of a duty specially enjoined by law, yet, even then, he is not entitled to the writ if he had a plain and adequate remedy in the ordinary course of the law.

Section 447, Id., provides: .

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

See, also Whitson v. Board of Com'rs, 65 Okla. 273, 166 Pac. 423; Champlin v. Carter, 78 Okla. 300, 190 Pac. 679.

Under the facts in the case at bar, too many of the essential grounds for the writ are rendered doubtful.

Plaintiff in error contends that, in view of her contract, the delivery of the schoolhouse door key to her was a mere ministerial duty, specially enjoined upon the school director to perform, and that the writ should have been issued compelling him to perform such duty. Under some circumstances this contention might be sustained, but under the peculiar circumstances of this case there is too much doubt as to whether it was the special duty of the director to deliver the keys and possession of the school building to plaintiff; too much doubt as to whether plaintiff had a clear legal

right to have them delivered; too much doubt as to whether she had a more adequate and proper remedy by an action for damage for breach of contract.

To have issued the writ compelling the director to deliver the keys and permit plaintiff to fulfill her nine months' contract at $125 per month might have been, and if the other teacher had an enforceable contract, would have been, to compel the school district to pay two teachers and thereby assume an obligation to pay more than the amount estimated for teachers' salaries for that year. To have issued the writ might also have been to compel the new board of directors to violate their contract with the other teacher, whose contract might have been altogether valid and binding, and, even if it were not valid, the court would not have been authorized to set it aside unless the other teacher was made a party to the proceeding, nor would the court have been authorized to compel the district to assume an obligation beyond its estimated expenses for that year without making the district a party to the suit; and because of these doubtful questions, as to plaintiff's clear legal right to the writ, we do not feel authorized to say, as a matter of law, that the trial court erred in refusing the writ.

It is true that the court assigned, as his reason for refusing to issue the writ, that at the time the plaintiff signed the contract with the old school board she then had no certificate, and therefore was without legal capacity to make a binding contract as teacher, which ground, of itself, we do not think sufficient to justify a refusal of the writ, for, while plaintiff had no enforceable contract until after she obtained a certificate and obtained the approval of the county superintendent, yet she and the school board had executed a tentative agreement, which became binding when she obtained a certificate and obtained the approval of her contract by the county superintendent. As to whether or not she might have had an action on her contract does not clearly appear from the record, and, as such question is not presented here, it would be improper to pass upon same in this case. However, while the trial court may have given a wrong reason for his refusal to issue the writ, yet, in view of the doubtful questions, heretofore mentioned, as to plaintiff's clear right to the writ, the judgment will not be reversed merely because a wrong reason was given for the refusal thereof. Although a wrong reason may be given for a judgment, yet if such judgment be correct under the law and facts in the case, it will not be reversed.

Leahy v. Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416; Seneca Co. v. Doss, 59 Okla. 149, 158 Pac. 575; Baker v. Citizens State Bank, 74 Okla. 182, 177 Pac. 568; Board of Equalization v. First State Bank, 77 Okla. 291, 188 Pac. 115; Kibby v. Binion, 70 Okla. 96, 172 Pac. 1091.

For the reasons given herein, it is our opinion that the judgment of the trial court should be affirmed. Affirmed.

All the Justices concur.

Note.—See under (1) 26 Cyc. pp. 142, 151, 158, 171. (2) 26 Cyc. p. 153. (3) 4 C. J. p. 663, § 2557.