No. 11,785.

COMMODORE MINING CO. ET AL. *v.* PEOPLE EX REL. REYNOLDS.

Decided June 13, 1927.

Action in mandamus.   Judgment for relator.

*Reversed.*

*On Rehearing.*

1.  MANDAMUS—*Damages.*   The successful applicant for mandamus is entitled to recover damages whether the cause be tried with or without an answer, by jury or to the court, in view of Code section 352.

2.      *Damages—Attorney Fees.*   In a mandamus suit attorney fees may not be awarded relator as damages.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. CARL J. SIGFRID, for plaintiffs in error.

Mr. ERNEST MORRIS, Mr. CLIFFORD J. GOBBLE, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was a mandamus suit to compel officers of the plaintiff in error to transfer stock. The amount of damages allowed by the court was $100, and under the evidence must have included attorney's fees in the case itself.

There are two questions before us: (1) May the relator, under the above conditions, recover damages? (2) May he recover as damages attorney's fees paid in the mandamus suit?

Upon the first question, the plaintiffs in error say that the relator in mandamus can recover damages only in case the respondent has filed an answer under Code 1921, §§ 346, 347. Section 347 is as follows: "If an answer is made, which raises a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation on which the application for the writ is based, the court or judge may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had, and the verdict certified to the court or judge. The question to be tried shall be distinctly stated in the order for trial, and the county shall be designated in which the same shall be had. The order may also direct the jury to assess any damages which the applicant may have sustained, in case they find for him."

Section 351 declares under what circumstances the judge shall proceed without a jury.

Section 352 provides that "If the judgment be given for the applicant, he shall recover the damages which he shall have sustained as found by the jury, or as may be determined by the court * * * together with costs * * *."

We do not think it debatable that the judgment in section 352 is to go, whether the case be tried with or

without answer, by jury or to the court; and we are supported in this conclusion by *Bell v. Thomas,* 49 Colo. 76, 78, 111 Pac. 76, 31 L. R. A. (N. S.) 664.

Upon the second question it is urged that attorneys' fees for services in the case in hand are never allowed as part of the damages in such case. Upon our first consideration of this case we were of the opinion that under the cases of the *Mo. Pac. Ry. Co. v. Larabee,* 234 U. S. 459, 34 Sup. Ct. 979, 58 L. Ed. 1398; 38 C. J. 928; *Bailey v. Edwards,* 47 Mont. 363, 133 Pac. 1095; *McClure v. Scates,* 64 Kan. 282, 67 Pac. 956; *Columbia Trust Co. v. Atchison,* 93 Kan. 302, 144 Pac. 222; *Nolte v. Montgomery Telephone Co.,* 86 Kan. 770, 121 Pac. 1111, that damages in mandamus cases were excepted from this rule. We granted a motion for rehearing and now are all of the opinion that such damages cannot be recovered.

In *Gulf, Colorado & Santa Fe Ry. v. Ellis,* 165 U. S. 150, 168, 17 Sup. Ct. 255, 41 L. Ed. 666, it was held that a Texas statute, giving the right to recover attorney's fees in an action against a railroad company, was in violation of the Fourteenth Amendment to the federal Constitution, because under it the plaintiff and defendant did not enter the action on equal terms. In *Davidson v. Jennings,* 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. Rep. 49, this court held the same things with reference to taxing attorneys' fees as costs in favor of the claimant in mechanics' lien cases. While many courts, including the Supreme Court of the United States in *Mo. Pac. v. Larabee, supra,* have held that mandamus cases are excepted from this rule, we do not see any substantial reason for such holding, and the question being a new one in this state do not think the exception should be recognized.

The former opinion is withdrawn and the judgment is reversed with directions to re-assess the damages in accordance with this opinion.