W. F. BRAINE and Elsie M. Braine, Husband and Wife, as joint tenants, Plaintiffs in Error,

v.

CITY OF STROUD, a Municipal Corporation, Gerald Hendricks, Leo White, Jim Patton, A. A. Mauldin and Clyde Allen, Defendants in Error.

No. 39816.

Supreme Court of Oklahoma.

Sept. 17, 1963.

P. D. Erwin, Chandler, for plaintiffs in error.

Richard James, Stroud, for defendants in error.

WELCH, Justice.

Plaintiffs in error have appealed from the judgment of the trial court sustaining a demurrer to their petition for damages. The action on appeal was instituted May 9, 1961. Plaintiff had·on October 7, 1960, in a separate case, obtained judgment in a mandamus proceeding against the defendants and a copy of that judgment was attached to the petition in this cause. The ·petition showed that in the mandamus proceeding the trial court had directed the reconnection of electric, water and sewer services at plaintiffs' residence, enjoined the city from attempting to collect the garbage bill for the period during which service was

suspended, directed that the city pick up refuse including vines and grass when placed in containers in consideration of plaintiffs' resumption of payments of garbage fees, and that the city should pay the costs of the mandamus proceedings. The petition in the cause now before us alleges that the plaintiffs were in the former cause damaged by being required to employ an attorney, suffered other financial loss in that a large supply of foods and meats in their deep freeze and refrigerator was lost, and that they and two grandchildren who were their guests, were forced to abandon their residence and stay at a motel during the time the City discontinued electric, water and sewer service. The demurrer to the petition which the trial court sustained, in addition to the ground of failure in stating a cause of action, set forth that if damages were recoverable by plaintiffs the same could only be recovered in the prior case, and not in a separate action.

■ A general rule is stated in 1 A.L.R. p. 1693 to the effect that an injured person may have his choice between an action for damages and a remedy by mandamus, but that he cannot pursue both remedies unless both are given by statute.

■ In this State the remedy by mandamus is authorized and governed by statutory provisions, namely, 12 O.S.1961, §§ 1451–1462 inclusive. By virtue of 12 O.S. 1961, § 1451, it may only be used to compel the performance of an act which the law specifically enjoins as a duty, resulting from an office, trust or station. An applicant for a writ of mandamus must show himself entitled to a clear legal right to same before a writ will issue. See City of Shawnee v. City of Tecumseh, 52 Okl. 509, 150 P. 890; Close Bros. & Co. v. City of Oklahoma City, 77 Okl. 104, 186 P. 931; Bath v. Dumas, 108 Okl. 260, 236 P. 1. By virtue of the provisions of 12 O.S.1961, § 1459 the only pleadings or written allegations allowed are the writ and the answer, and the issues are thereby joined. It is distinguished from the ordinary civil action by 12 O.S.1961, §§ 3–5 inclusive, and as

therein distinguished is a "special proceeding."

■ An order or ruling made in a special proceeding, if it is in the nature of an adjudication of some contested claim or right, has the same effect as a bar, as a formal judgment. See 50 C.J.S. Judgments § 610, and authorities cited there under note 60.

The wording of 12 O.S.1961, § 1460 imports a recovery of damages in the mandamus proceeding. That section reads:

"If judgment be given for the plaintiff, he shall recover the damages which he shall have sustained, to be ascertained by the court or jury, or by referees, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay."

Conceding that such statute gives a permissive right of recovery of certain damages if the plaintiff elects to assert them and files a proper pleading after the right to mandamus has been adjudicated, the plaintiffs contend that the remedy so provided is an alternative one to the resort to a separate action for damages.

Principal support to the contention lies in the inclusion in the language of the statute of the words "or jury." The section should be read, however, in connection with that portion of Sec. 1459 which refers to further proceedings than those raised by mandamus pleadings being had as in civil actions.

Of a statute which expressly allowed an action for damages and a remedy by mandamus in certain cases it was said in Thurber v. Duckworth (1914), 165 Iowa 685, 147 N.W. 158, to a contention that a misjoinder of causes of action was created, that there was but one wrong involved in an act of wrongful discharge of an employee, and that the damages sustained by the employee were but an incident to the wrong. That equity, having assumed jurisdiction to right the wrong, retained jurisdiction to grant all the relief that the employee was entitled to under the facts, and this to avoid a multiplicity of suits.

Under a statute which allowed an applicant for mandamus relief the additional right to recover damages for the making of a false return to the alternative writ of mandamus, it was held in Gardner v. Springfield Gas & Electric Co. (1911), 154 Mo.App. 666, 135 S.W. 1023, that if the applicant did not demand damages for the wrongful act complained of he might, in a subsequent independent action, sue for any damages he had sustained. The case appears to have been indirectly overruled, however, by Smith v. Berryman, (1917), 272 Mo. 365, 199 S.W. 165, 1 A.L.R. 1692, as the holding of the latter case is that, in the absence of a false return to the alternative writ, one securing a mandamus to compel the issuance of a license cannot recover damages in an action at law for the refusal of the defendant to perform such duty.

We have observed no Oklahoma decision which holds that under circumstances here involved a separate suit may be maintained for the damages. Section 1460, supra, was adopted from the Kansas laws and reference to the decisions of the Supreme Court of that state seems merited.

■ In McClure v. Scates, 64 Kan. 282, 67 P. 856, it was held:

"Where a judgment is rendered in favor of the plaintiff in a mandamus proceeding, he may, in the same proceeding, and as a part of his remedy, recover such damages as he has actually sustained through the wrongdoing of the defendants."

See, also, the Kansas cases of Nolte v. Kansas City Long-Distance Telephone Co., 86 Kan. 770, 121 P. 1111, and Columbia Knickerbocker Trust Co. v. Finney, 93 Kan. 302, 144 P. 222, to the same effect.

Under similar statute, the Supreme Court of the State of Washington held in Achey v. Creech, 21 Wash. 319, 58 P. 208, that because the statute gave the right to plead and recover damages in a mandamus suit, one cannot after recovery in mandamus for restoration of property, sue for damages

for the unlawful detention thereof in a separate action.

In Larabee Flour Mills Co. v. Missouri Pac. Ry. Co., 85 Kan. 214, 116 P. 901, it was held that damages were rightly refused by the commissioner where same had occurred prior to the issuance of the writ of mandamus, as up until that time it was optional with the plaintiff to avail himself of mandamus or to bring an action for damages, and that the authority of the court to award damages was by virtue of its jurisdiction in the mandamus proceeding. The reversal of that case in 234 U.S. 459, 34 S.Ct. 979, 58 L.Ed. 1398, was on other grounds.

In 30A Am.Jur. Judgments, § 373, it is said:

"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which could properly have been determined in the prior action. This rule applies to every question falling within the purview of the original action, in respect to matters of both claim and defense which could have been presented by the exercise of due diligence."

■ In Cunningham v. Oklahoma City, 188 Okl. 466, 110 P.2d 1102, we saw no error in the dismissal of a cause by the trial court upon a motion urging the application of res adjudicata where the cause of the action differed from that of the prior cause but was within the purview thereof in respect to matters of both claim and defense which could have been presented by the exercise of due diligence in the former action. The first syllabus of that case reads:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters

actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated therein."

See also Covington v. Anthony, 191 Okl. 266, 128 P.2d 1012, which states the same rule and applies the rule of estoppel by judgment, in the body of the opinion, as to matters which were germane to the issues of the former case and might have been litigated therein. See also, Pruitt v. Hammers, Okl., 292 P.2d 157, wherein, in addition to the statement of such rule of law, it is said an equitable action is a bar to an action at law for damages on the same cause of action where damages could have been claimed in addition to equitable relief, and that it is immaterial that no attempt was made to recover damages or that the pleading in the first case was insufficient in that respect.

The view that the provision for recovery of damages as an incident to mandamus proceedings, in a subsequent hearing afforded for that issue wherein resort to a jury can be afforded, appears in accord with the interpretations of the court of Kansas from whence sections 1451–1462 of 12 O.S. 1961, were adopted. That the recovery of damages as therein provided is considered exclusive gives plaintiffs no legitimate cause to complain. The damages alleged by plaintiffs are observed to have occurred prior to the issuance of the alternative writ as, undoubtedly, electric, water and sewer services were restored upon issuance of the writ. If plaintiffs failed to present the question of damages at the opportune time and in the manner provided by law of long application, at least in Kansas from whence it came, we see no reason for complaint. They had opportunity to submit their claim in the mandamus proceeding concerning which the aforesaid statutes expressly so provide. We have never considered attorney fees and costs as questions for jury determination, they being deemed proper subjects for the exercise of judicial discretion. Illustrative of the view is the case of City of Clinton ex rel. Richardson v. Keen, District Judge, 192 Okl. 382, 138 P.2d 104, wherein the opinion notes the exercise of discretion.

From full consideration of the questions presented by the briefs of the parties we find no error in the sustaining of the demurrer and the dismissal of the plaintiffs' petition. The judgment is affirmed.