841 F.2d 354
 Lawrence R. JARRETT, an individual, Plaintiff-Appellant,
v.
Lloyd A. GRAMLING and Unknown Others, individually, and as
employees of the City of Oklahoma City, a Municipal
Corporation, and the City of Oklahoma City, a Municipal
Corporation, Defendants-Appellees.
 No. 85-2861.
 United States Court of Appeals,
Tenth Circuit.
 March 2, 1988.
 
 William H. Campbell, Oklahoma City, Okl., for plaintiff-appellant.
 Robert D. Allen, Mun. Counselor, and Richard C. Smith, Asst. Mun. Counselor, Oklahoma City, Okl., for defendants-appellees.
 Before McKAY, LOGAN and TACHA, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.
 
 I.
 
 2
 Plaintiff, Lawrence R. Jarrett, was employed by defendant The City of Oklahoma City as a lieutenant in the Detective Division of the City's Police Department, until he was terminated on April 26, 1984, by the Chief of Police, defendant Lloyd A. Gramling. Plaintiff attempted to appeal his discharge through the City's personnel grievance procedure by requesting a hearing to determine if his termination was for cause. The City denied the hearing because plaintiff had apparently filed a grievance with his collective bargaining representative which precluded access to the personnel grievance procedures. Plaintiff then requested the City's Police Pension and Retirement Board to convene a board of review pursuant to Okla.Stat.Ann. tit. 11, Sec. 50-123 to review plaintiff's termination from employment.[1] Again, plaintiff was denied a hearing. The City asserted that the procedures and requirements set forth in Sec. 50-123 did not apply to it.
 
 
 3
 Having failed to obtain a hearing under either avenue of appeal, plaintiff filed an Application for Writ of Mandamus in an Oklahoma state court, seeking an order compelling the City to convene a board to review the merits of plaintiff's termination from employment. Plaintiff's application set forth his unsuccessful attempts to appeal his discharge and claimed an entitlement to a hearing under Sec. 50-123. Plaintiff asserted no other causes of action and did not request any other relief. The state court denied plaintiff's application. Plaintiff did not appeal the state court's decision, and the time for appeal expired.
 
 
 4
 Thereafter, plaintiff filed the present action in the United States District Court for the Western District of Oklahoma, under 42 U.S.C. Secs. 1983, 1985, 1986, 1988 (1982), and under the Fifth and Fourteenth Amendments, claiming that his discharge from employment violated his civil rights under the laws and Constitution of the United States and the laws and constitution of the state of Oklahoma.[2] Plaintiff alleged deprivation of his rights to procedural due process, equal protection under the law, and freedom of speech and association. Plaintiff also alleged that defendants conspired to deprive him of his rights or acquiesced in or failed to prevent the violations. Plaintiff sought monetary relief for the damages he allegedly suffered as a result of the deprivation of his rights.
 
 
 5
 Defendants filed a motion for summary judgment, claiming that this action is barred as a result of the final judgment in plaintiff's state mandamus action. Plaintiff appeals the district court's grant of summary judgment in defendants' favor. The issue before this court is whether the district court was correct in determining that the final judgment in plaintiff's prior mandamus action bars this action under the doctrine of claim preclusion.[3]II.
 
 
 6
 The Full Faith and Credit Act, 28 U.S.C. Sec. 1738 (1982), requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered. Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); Kiowa Tribe v. Lewis, 777 F.2d 587, 590 (10th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986). Section 1738 provides in pertinent part:
 
 
 7
 Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
 
 
 8
 The United States Supreme Court has determined that Sec. 1738 and traditional rules of preclusion are applicable to Sec. 1983 actions. See Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984);[4] see also Carter v. City of Emporia, 815 F.2d 617 (10th Cir.1987); DeVargas v. Montoya, 796 F.2d 1245, 1249 (10th Cir.1986), overruled on other grounds, Newcomb v. Ingle, 827 F.2d 675 (10th Cir.1987). The claim-preclusive effect of a state-court judgment in the context of a subsequent suit in federal court under Sec. 1983 is therefore determined by state law. Accordingly, in this Sec. 1983 action, we must refer to Oklahoma law to determine the claim-preclusive effect of the judgment rendered in plaintiff's mandamus action.
 
 
 9
 When plaintiff filed his mandamus action, Oklahoma's statute on joinder of causes of action, Okla.Stat.Ann. tit. 12, Sec. 265, provided in part: "The plaintiff or plaintiffs may unite several causes of action in the same petition.... But the causes of action so united must all arise out of the same transaction or occurrence or must affect all the parties to the action...." Also in effect at that time was Okla.Stat.Ann. tit. 12, Sec. 323, which read in part: "All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action...." Under these provisions, a plaintiff in Oklahoma is generally permitted to join in an action all claims and causes of action arising out of the same transaction or occurrence.
 
 
 10
 The Supreme Court of Oklahoma has made it clear, however, that neither Sec. 265 nor Sec. 323 authorizes a plaintiff to split a cause of action. Retherford v. Halliburton Co., 572 P.2d 966, 970 (Okla.1977) (plaintiff cannot maintain separate actions or establish separate causes of action arising from a single occurrence). The general rule against splitting causes of action in Oklahoma is that "a single wrong gives rise to one cause of action and for which only one suit may be maintained to recover all damage because of the commission of such wrong, however numerous the elements or items of damage resulting therefrom." Id. at 967 (citing Greater Oklahoma City Amusements, Inc. v. Moyer, 477 P.2d 73, 75 (Okla.1970)); see also State ex rel. Brett v. North American Life Insurance Co., 203 Okl. 672, 225 P.2d 796 (1950). Consequently, "under the doctrine of claim preclusion, a final judgment on the merits bars a subsequent suit on the same cause of action." Veiser v. Armstrong, 688 P.2d 796, 803 (Okla.1984); see also Wabaunsee v. Harris, 610 P.2d 782, 785 (Okla.1980). The Oklahoma Supreme Court has likewise declared:
 
 
 11
 "A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all the matters litigated and determined in the former action, but also as to all matters germane to issues which could or might have been litigated therein."
 
 
 12
 Citizens State Bank v. Hall, 413 P.2d 513, 515 (Okla.1966), quoted in McDowell v. Austin, 699 P.2d 1100, 1102 (Okla.1985); see also Jones v. Jones, 442 P.2d 319, 323 (Okla.1968); Epperson v. Halliburton Co., 434 P.2d 877, 879 (Okla.1967) (for matter to be res judicata, there must be identity of subject matter, cause of action, parties, and capacity in the person for or against whom claim is made).
 
 
 13
 In Oklahoma, a cause of action is delineated by reference to the transaction, occurrence, or wrongful act from which the action arises. See Retherford, 572 P.2d at 968-69. Separate causes of action do not result from the infringement or enforcement of different rights which arise out of an occurrence or wrongful act. No matter how many rights or claims stem from or arise out of a cause of action, relief must be sought in one suit or stand barred by the prior adjudication. See id.
 
 
 14
 Keeping in mind these general rules prohibiting splitting causes of action and barring subsequent suits arising out of the same transaction, occurrence, or wrongful act, we next examine Oklahoma's laws on mandamus actions to determine whether plaintiff could have asserted his Sec. 1983 claims in the mandamus action, whether those claims stem from the same cause of action which was the subject of the mandamus action, and whether plaintiff is barred from asserting those claims in a subsequent action.
 
 
 15
 Under Oklahoma law, a plaintiff can bring a mandamus action in state court seeking to obtain an order compelling the performance of an act. See Okla.Stat.Ann. tit. 12, Secs. 1451-1462. The pleadings in a mandamus action are to be construed in the same manner as pleadings in a civil action, "and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action." Okla.Stat.Ann. tit. 12, Sec. 1459. "An order or ruling made in a [mandamus action], if it is in the nature of an adjudication of some contested claim or right, has the same effect as a bar, as a formal judgment." Braine v. City of Stroud, 385 P.2d 428, 430 (Okla.1963).
 
 
 16
 Oklahoma law also provides that if a plaintiff obtains a judgment in the mandamus action, he is entitled to recover damages which he sustained, to be ascertained by the court as in a civil action. Okla.Stat.Ann. tit. 12, Sec. 1460; see also Braine, 385 P.2d at 430. A recovery of damages against a party who has complied with a mandamus order is a bar to any other action against that same party. Okla.Stat.Ann. tit. 12, Sec. 1461.
 
 
 17
 These mandamus provisions, viewed together with Oklahoma's joinder rules and the background of this case, clearly indicate that plaintiff could have asserted his Sec. 1983 claims in the mandamus action, that plaintiff had a full and fair opportunity to litigate the claims, and that the state court had authority to adjudicate the merits of the claims. Cf. Scroggins v. Kansas, 802 F.2d 1289, 1291-93 (10th Cir.1986). We find nothing in Oklahoma law to the contrary. In Braine, 385 P.2d at 430, the Supreme Court of Oklahoma noted that the court in a mandamus proceeding, having assumed jurisdiction to right a wrong, retains jurisdiction to grant all relief that a discharged employee is entitled to, "and this to avoid a multiplicity of suits." Id. (referring to a case involving a statute which allows for a remedy by mandamus and an action for damages).
 
 
 18
 Although plaintiff's Sec. 1983 claims (that his termination from employment violated his civil rights) differ from the claims asserted in the mandamus action (that plaintiff was entitled to a hearing to review his termination), the underlying cause of action in both actions remains the same: plaintiff's discharge from employment without a due process hearing. We are persuaded that under Oklahoma law this is plaintiff's cause of action which gave rise to the appurtenant claims and rights asserted by plaintiff in the mandamus action and this Sec. 1983 action. Since Oklahoma requires plaintiff to pursue in a single action all claims and rights stemming from or arising out of a cause of action, plaintiff was not only permitted to assert his Sec. 1983 claims in the mandamus action, but he was required to do so or risk being barred from asserting the claims in a subsequent action. The final judgment in plaintiff's mandamus action is conclusive between the parties not only as to all matters litigated and determined in the mandamus action, but also as to all matters which could or might have been litigated therein. The judgment thus bars a separate Sec. 1983 action in the Oklahoma state courts. Pursuant to 28 U.S.C. Sec. 1738, we must give the judgment the same preclusive effect. Accordingly, plaintiff is barred from bringing this Sec. 1983 action in federal court.
 
 
 19
 This determination is in line with this court's holding in Spence v. Latting, 512 F.2d 93 (10th Cir.), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975), a pre-Migra Sec. 1983 action, wherein this court recognized the claim-preclusive effect of prior state-court judgments on a subsequent Sec. 1983 action in federal court. The factual and procedural background in Spence is very similar to the present case; and contrary to plaintiff's contention, Spence is not materially distinguishable.[5]
 
 
 20
 In Spence a discharged police officer brought a declaratory action in an Oklahoma state court seeking a judgment declaring the applicability of Okla.Stat.Ann. tit. 11, Sec. 541s, the predecessor statute of Sec. 50-123. The officer also brought a state mandamus action requesting the court to order the convening of a board of review pursuant to Sec. 541s to review the cause of the termination. No federal claim was asserted in the amended pleadings. After a final judgment was rendered in both cases that no relief was grantable under Sec. 541s, the officer brought a Sec. 1983 action in federal court, claiming, among other things, that his discharge violated his federal constitutional rights. Faced with the question of whether the state-court judgments barred the Sec. 1983 action, this court stated the general rule of preclusion:
 
 
 21
 Where a second suit between the same parties or their privies is on the same cause of action, the final judgment in the prior action is conclusive as to all matters which were actually litigated as well as those which could have been litigated.
 
 
 22
 Id. at 98. This court determined in Spence that the core of the officer's cause of action in the state actions and the Sec. 1983 action was the same--dismissal from employment without a due process hearing. "In pursuit of this cause of action, [the officer] was perfectly free to plead and litigate his federal constitutional claims in ... the state court actions." Id. In holding that the Sec. 1983 action was therefore barred, this court stated:
 
 
 23
 Allowing [the officer] now to bring claims in the federal court which were appurtenant to the core of his cause of action in prior state court suits would work a disservice to the salutary policies underlying res judicata. We conclude that [the] statutory and constitutional claims in this action are barred by res judicata.
 
 
 24
 Id. at 99.
 
 
 25
 In view of Spence and pertinent Oklahoma law, we conclude that the district court gave the state-court judgment the same preclusive effect that the judgment would have received in the Oklahoma state courts and properly determined that plaintiff's pursuit of his Sec. 1983 claims in federal court is barred under the doctrine of claim preclusion. Accordingly, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 [1]
 Section 50-123 provides in part that certain municipalities must establish a board of review to hear appeals concerning the discharge from employment of members of the Oklahoma Police Pension and Retirement System
 
 
 [2]
 In the interest of brevity, we will refer to the present action as plaintiff's Sec. 1983 action and to the claims asserted in this action as plaintiff's Sec. 1983 claims
 
 
 [3]
 This court noted in Carter v. City of Emporia, 815 F.2d 617, 619 n. 2 (10th Cir.1987):
 The preclusive effects of prior adjudication are traditionally subsumed under the general doctrine of res judicata, used to refer to both claim preclusion and issue preclusion. Res judicata is sometimes used to refer only to the narrower concept of claim preclusion.... To avoid confusion between the two referents of res judicata, we follow the Supreme Court in using the terms claim preclusion and issue preclusion.
 
 
 [4]
 The plaintiff in Migra brought her action under Sec. 1983 and Sec. 1985. Migra is equally applicable to actions brought under Sec. 1986 and Sec. 1988. Accord University of Tennessee v. Elliott, 478 U.S. 788, 106 S.Ct. 3220, 3225-26, 92 L.Ed.2d 635 (1986); Carter, 815 F.2d at 619 n. 1 ("Insofar as the doctrine of claim preclusion bars plaintiffs' Sec. 1983 claims, that doctrine equally bars claims under all the Reconstruction civil rights statutes codified at 42 U.S.C. Sec. 1981 et. seq.")
 
 
 [5]
 Plaintiff contends that Spence is distinguishable because the plaintiff in Spence instituted not only a mandamus action in state court but also a declaratory action and two other actions, one which was abandoned and the other which was dismissed for lack of standing. This distinction is not material to the claim preclusion issue before this court. Plaintiff then attempts to rely on Gallagher v. Frye, 631 F.2d 127 (9th Cir.1980), in support of his contention that the mandamus action and the Sec. 1983 action deal with different causes of action. Unlike Spence, Gallagher is a decision from the Ninth Circuit and is not controlling in or determinative of this case. Additionally, the court in Gallagher determined that joinder of the Sec. 1983 claims in the mandamus action was not compulsory under California law, which defines a cause of action in the context of "primary rights." Id. at 130 & n. 4