GOLDSMITH ET AL. *v.* GEORGE G. PRENDER–GAST CONSTRUCTION COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 127.   Argued January 13, 14, 1920.—Decided March 1, 1920.

In apportioning the cost of a sewer, the assessing authorities excluded therefrom a city park from part of which the drainage was naturally toward, and was to some extent conducted into, the sewer; but the amount so conducted was not shown to be considerable, nor did it appear that such drainage could not be disposed of by other means. The state courts having sustained the exclusion as within the discretion of the assessing authorities, *held*, that it could not be regarded as so arbitrary and unequal in operation and effect as to render assessments on other property invalid under the Fourteenth Amendment. P. 17.

Refusal to transfer a cause from a division of the Supreme Court of Missouri to the court *in banc* does not violate any constitutional right. P. 18.

273 Missouri, 184, affirmed.

THE case is stated in the opinion.

*Mr. David Goldsmith* for plaintiffs in error:

The failure of the municipal authorities to include any part of the Tower Grove Park property in the sewer

district in question, if arbitrary, violated § 1 of the Fourteenth Amendment. *Masters* v. *Portland,* 24 Oregon, 161; *Hanscom* v. *Omaha,* 11 Nebraska, 37, 43, 44; *Fraser* v. *Mulany,* 129 Wisconsin, 377; *Lawrence* v. *Grand Rapids,* 166 Michigan, 134; *Title Guarantee & Trust Co.* v. *Chicago,* 162 Illinois, 505; *Van Deventer* v. *Long Island City,* 139 N. Y. 133; *Tulsa* v. *McCormick,* 63 Oklahoma, ——; *Whitley* v. *Fawcett,* Style's Rep., 13.

The facts found by the trial court are sufficient to establish that such omission was arbitrary. *Lawrence* v. *Grand Rapids, supra; Mt. St. Mary's Cemetery* v. *Mullins,* 248 U. S. 501.

The conclusions of law upon which the trial court based its judgment were erroneous because the omission of the park property from the sewer district warranted a finding of fact that the members of the Municipal Assembly were actuated by motives which constitute legal fraud; and because the motives of the Municipal Assembly were immaterial. *Soon Hing* v. *Crowley,* 113 U. S. 703; *Brown* v. *Cape Girardeau,* 90 Missouri, 377; *Kansas City* v. *Hyde,* 196 Missouri, 498; *Kerfoot* v. *Chicago,* 195 Illinois, 229; *Potter* v. *McDowell,* 31 Missouri, 62.

The refusal of Division No. 2 of the Supreme Court of Missouri to transfer this cause to the court *in banc* was arbitrary, and violated § 1 of the Fourteenth Amendment. Amendment to the Constitution of Missouri, adopted in 1890, § 4; *Moore* v. *Missouri,* 159 U. S. 673.

The action of said Division No. 2 was the action of the State, within the purview of the Federal Constitution, and, if arbitrary, violated § 1 of the Fourteenth Amendment. *Ex parte Virginia,* 100 U. S. 339; *Home Telephone & Telegraph Co.* v. *Los Angeles,* 227 U. S. 278; *Hovey* v. *Elliott,* 167 U. S. 409; *Ex parte Nelson,* 251 Missouri, 63.

Moreover, if no federal question had been involved, the Supreme Court of Missouri would have had no juris-

diction of this case. *Barber Asphalt Paving Co.* v. *Hezel*, 138 Missouri, 228; *Smith* v. *Westport*, 174 Missouri, 394; *Platt* v. *Parker-Washington Co.*, 235 Missouri, 467.

And if the judgment of the Supreme Court was rendered without jurisdiction, then that, in itself, constituted a taking of property without due process of law. *Scott* v. *McNeal*, 154 U. S. 34; *Pennoyer* v. *Neff*, 95 U. S. 714; *Lent* v. *Tillson*, 140 U. S. 316; *Old Wayne Life Association* v. *McDonough*, 204 U. S. 8.

*Mr. Hickman P. Rodgers*, with whom *Mr. A. R. Taylor* and *Mr. Howard Taylor* were on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Suit was brought in the Circuit Court of the City of St. Louis by the Construction Company to recover upon a special tax-bill issued by the City of St. Louis for the construction of the sewer in what is known as Manchester Road Sewer District No. 3, City of St. Louis. The Construction Company recovered a judgment on the tax-bills against the plaintiffs in error, who were owners of abutting property. Upon appeal to the Supreme Court of Missouri the judgment below was affirmed upon hearing and rehearing. 273 Missouri, 184.

The record discloses that the sewer, for the construction of which the assessment was made, was constructed in a certain boulevard known as Kingshighway Boulevard. On the east of this boulevard, and fronting on the same for a considerable distance, is a tract belonging to the city, and known as Tower Grove Park; this property was not assessed for the building of the sewer. This omission is alleged to be of such an arbitrary and discriminatory character as to render the ordinance making the assessment void as a deprivation of federal constitutional rights

secured to the plaintiffs in error by the due process and equal protection clauses of the Fourteenth Amendment.

The Circuit Court made findings of fact in which it found that there was no evidence that the Municipal Assembly of the City of St. Louis, in passing the ordinances in question, was actuated by motives of fraud or oppression; that such motives, if any, must be inferred solely from the failure to incorporate parcels or tracts of land in the sewer district, the topography of which might render it necessary or expedient to then, or thereafter, drain the water or sewage therefrom into the sewer. The court recites the nature of the title of the tract known as Tower Grove Park.

It appears that the Park had been conveyed to the city, the grantor reserving therefrom a strip 200 feet wide, surrounding the same. The court found that the western front of the tract, thus conveyed to the city, included the western gate or entrance of the Park and the strip of 200 feet in width, surrounding the Park proper, and embraced a total frontage along Kingshighway of about 1470 feet, and that none of the property included within Tower Grove Park and the strip of 200 feet in width, reserved for residence property, was included within the taxing district for such sewer construction. The court also finds that with the exception of an area composing some 300 feet, each way, located at the southwestern corner of the Park, the western part of the Park for a distance of some 600 feet east of Kingshighway is of an elevation higher than Kingshighway between Arsenal street and Magnolia avenue, and the natural drainage thereof is in the main westwardly towards Kingshighway and that before the building of the sewer in question surface water and hydrants drained from said part of the Park through drains and gutters under said street and sidewalk to a point west of Kingshighway. That whatever drains for surface and hydrant water existed in said western and north-

western portion of the Park led into that section of the
sewer in question, situated in Kingshighway adjoining
the Park; but the court finds that it is unable to deter-
mine from the evidence as to when such connection with
said sewer was accomplished, or by whom. The court
also finds that at the time the work in question was per-
formed it was provided by the revised ordinances of the
City of St. Louis that water draining from roofs of houses
should not flow over sidewalks, but should be conducted
through pipes to a sewer if available, and if not then
through pipes below the sidewalk, and into the open gut-
ter of the street. The court does not find from the
evidence that it was not possible or feasible to drain the
surface water falling upon or collected from that portion
of Tower Grove Park, and the reserved strip of 200 feet,
which is higher than and inclined towards Kingshighway,
from the surface of said land in any other manner than
through or by the district sewer constructed in Kings-
highway, or that sewage from houses upon said reserved
strip, if any there ever be, cannot be disposed of by
means other than said sewer.

As conclusions of law the court finds that it was within
the powers of the Municipal Assembly, in the passage of
the ordinances establishing the sewer district wherein the
work sued for was performed, to embrace and designate
therein only such real estate as, in their judgment,
should be benefited thereby; that the discretion vested in
the Municipal Legislature was not subject to review by
the court, unless the powers of the Legislature were
affirmatively shown to have been exercised fraudulently,
oppressively or arbitrarily. And the court found that
the mere omission of the lands from said district which
might, at one time, be reasonably included in the sewer
district in question, or as to which it is reasonable to
assume that the same would be more conveniently served
by the sewer in question than any other, did not justify

the court in concluding that the Municipal Assembly, in omitting said lands from the sewer district in question, was actuated by motives of fraud, or oppression; or that the *prima facie* liability of defendants established by the certified special tax-bill is thereby rebutted and overturned.

On the facts and conclusions of law the judgment was affirmed by the Supreme Court of Missouri.

The establishment of sewer districts was committed to local authorities by the charter of the City of St. Louis which had the force and effect of a statute of the State. That charter provided that, within the limits of the district prescribed by ordinance recommended by the Board of Public Improvements, the Municipal Assembly might establish sewer districts, and such sewers may be connected with a sewer of any class or with a natural course of drainage. (See § 21, Woerner's Revised Code of St. Louis, 1907, p. 410.)

The mere fact that the court found that a part of Tower Grove Park might have been drained into the sewer, it was held by the Missouri courts, under all the circumstances, did not justify judicial interference with the exercise of the discretion vested in the municipal authorities. The court commented on the fact that it was not shown that any considerable amount of surface water was conducted away from the park by this sewer. Much less do such findings afford reason for this court in the exercise of its revisory power under the Federal Constitution to reverse the action of the state courts, which fully considered the facts, and refused to invalidate the assessment.

As we have frequently declared, this court only interferes with such assessments on the ground of violation of constitutional rights secured by the Fourteenth Amendment, when the action of the state authorities is found to be arbitrary, or wholly unequal in operation and effect.

We need but refer to some of the cases in which this principle has been declared. *Embree* v. *Kansas City Road District*, 240 U. S. 242; *Withnell* v. *Ruecking Construction Co.*, 249 U. S. 63; *Hancock* v. *Muskogee*, 250 U. S. 454; *Branson* v. *Bush*, 251 U. S. 182.

We find no merit in the contention that a federal constitutional right was violated because of the refusal to transfer the cause from the division of the Supreme Court of Missouri, which heard it, to the court *in banc*. See *Moore* v. *Missouri*, 159 U. S. 673, 679.

*Affirmed.*