PATE HOTEL COMPANY v. JOHN MORRIS ET AL.

(Filed 13 December, 1933.)

1. **Municipal Corporations K e—Taxpayers of town are bound by judgment that mandamus issue to compel levy of taxes to pay town obligation.**

    In the absence of fraud or mistake, the taxpayers of a municipality are bound by a judgment duly obtained against the municipality for municipal improvements and by judgment that mandamus issue to compel the municipal governing body to levy a tax sufficient to pay the judgment, the municipality representing its taxpayers in such suit although they are not *eo nomine* named therein.

2. **Taxation A b: Constitutional Law I a—Federal Due-Process Clause does not prescribe State taxation in absence of arbitrary action.**

    As a rule the State determines its own policy in matters of taxation, the courts intervening on an asserted violation of the due-process clause of the Federal Constitution only when the action of the State or its governmental subdivisions is arbitrary, and in this case the tax levy by defendant municipality is upheld, there being no evidence of any arbitrary action.

APPEAL by plaintiff from judgment of *Sinclair, J.*, rendered at Chambers on 19 May, 1933, vacating an order restraining the collection of taxes levied against the property of the plaintiff as a part of the municipal taxes of the town of Carolina Beach. From NEW HANOVER.

The plaintiff brought suit against the tax collector of Carolina Beach and against the auditor of New Hanover County, who was the acting treasurer of Carolina Beach, to restrain a levy upon the plaintiff's personal property for the collection of taxes due by the plaintiff. The levy of $3.00 on property valued at $100 was composed of a tax of $1.00 for general purposes and $2.00 as required by a writ of mandamus.

Carolina Beach is a municipal corporation created and organized by virtue of chapter 117, Private Laws, 1925; and the plaintiff and Carolina Beach Corporation are bodies politic organized under the laws of North Carolina.

In 1926 and 1927 Carolina Beach Corporation entered into an agreement with the municipal corporation to construct at Carolina Beach a power line, streets, waterworks, and other improvements, of which the town was to pay $15,000 and was to issue its three notes or bonds in the sum of $5,000, each dated 26 March, 1927, payable one year after date. The town of Carolina Beach issued these bonds each in the following form:

"$5,000.                    Carolina Beach, N. C., 26 March, 1927.

For value received, one year after date, the town of Carolina Beach promises to pay to the order of the Carolina Beach Corporation the sum of five thousand dollars, with interest thereon from date till paid, at the rate of six per cent per annum, interest due and payable semi-annually. This note is one of three notes totaling fifteen thousand dollars and has been executed upon the passage of proper resolution by the board of commissioners of the town of Carolina Beach on this date, and is secured by deed of trust of this date securing the balance of purchase money for waterworks plant and equipment, lot of land on which same is situated and improvements at Carolina Beach."

The Realty Bond Company purchased the bonds for value before maturity.

The town defaulted and refused to pay any part of the principal or interest of the bonds, in consequence of which the Realty Bond Company brought suit and at February Term, 1930, recovered a judgment against the town for $14,338.35 with interest from 2 February, 1929, and costs. The town failed to pay the judgment and in July, 1931, the Realty Bond Company filed a petition in the cause for a writ of mandamus to compel the levy of a property tax and the court gave judgment, commanding and requiring the town to levy a tax for the tax year of 1932 upon the real and personal property situated in the town sufficient to pay one-third of said sum with interest and costs, and to levy for the tax years 1933 and 1934 a like amount for such purpose, the rate to be fixed by the commissioners upon the basis of the tax valuation of the real and personal property in the town after making proper allowance for the cost of collection and the loss from noncollection, and to pay the judgment out of the funds derived from the collection of taxes during the three respective years.

On 24 April, 1933, plaintiff instituted this action to restrain the collection of the tax provided for by the writ of mandamus on the ground that such tax is exorbitant and confiscatory. The Realty Bond Company intervened and filed an answer to the complaint. Judge Sinclair dissolved the restraining order, stayed execution pending the appeal, and adjudged that the writ of mandamus should not be disturbed or in any way modified and that the duties of the defendants or the commissioners of the town, as provided in the decree, should not be changed or relaxed except as the judgment affects the plaintiff. The plaintiff excepted to the judgment and appealed.

*Thomas W. Ruffin for plaintiff.*
*George Rountree and J. O. Carr for intervener.*

ADAMS, J. The appeal brings up the single question whether the writ of mandamus commands the levy of a tax which deprives the plaintiff of his property without due process of law.

The judgment commanding the levy is final. The defendants had opportunity to set up by way of defense all that is alleged in the complaint of the Pate Hotel Company, the present plaintiff, and from an adverse judgment they declined to prosecute an appeal. The Realty Bond Company takes the position that the questions presented in this appeal have previously been adjudicated in litigation between itself and the town of Carolina Beach, and that the plaintiff, a taxpayer of the town, is bound by the judgment determining the rights of the respective parties.

It is an established principle that a county, municipality, or other governmental body is for certain purposes a representative of its citizens and taxpayers. The relation between them is analogous to that between a trustee and his *cestui que trust;* and a judgment against such governmental body in a matter of interest general to all its citizens is binding upon the latter although they are not *eo nomine* parties to the suit. *Sauls v. Freeman,* 12 A. S. R., 190; *Ashton v. City of Rochester,* 28 A. S. R., 619.

In Freeman on Judgments (5 ed.), sec. 507, it is said: "A judgment for a sum of money against a municipal corporation imposes an obligation upon its citizens which they are compelled to discharge. Every taxpayer is a real, though not a nominal, party to such judgment. If, for the purpose of providing for its payment, the municipal officers levy and endeavor to collect a tax, none of the citizens can, by instituting proceedings to prevent the levy or enforcement of the tax, dispute the validity of the judgment, nor relitigate any of the questions which were or which could have been litigated in the original action."

HOTEL CO. *v.* MORRIS.

Approving this statement of the law this Court has held that if a governmental body fails to avail itself of legal defenses, taxpayers will be concluded by the judgment, the only exception being the commission of a mistake or the perpetration of a fraud. *Bear v. Commissioners,* 122 N. C., 434. The reversal of the decision in that case upon a petition for a rehearing did not modify or affect the principle under consideration as enunciated by the court. The petition was allowed because the plaintiff, having failed to plead his judgments in estoppel of the matters pleaded in the answer or to demur to the answer, waived his rights, and by his agreement to a finding of facts by the court, went to the hearing on the merits of the consideration upon which the judgments were granted. This appears in the opinion. *Bear v. Commissioners,* 124 N. C., 204.

The fact that the principle was not affected by setting aside the judgment given in the first appeal definitely appears in later cases. *In re Utilities Company,* 179 N. C., 151, 164, the Court adhered to its previous conclusion that a municipal corporation is the legal representative of its inhabitants and taxpayers with respect to all matters properly within its jurisdiction and in *Eaton v. Graded School,* 184 N. C., 471, repeated the observation that a municipal corporation acting in its official capacity represents citizens and taxpayers within its corporate boundaries.

The plaintiff is concluded by the judgment awarding the writ of mandamus and cannot attack it on the grounds set forth in its complaint. Indeed, even if the plaintiff were not thus concluded its collateral attack of the judgment would be unavailing. *Young v. Henderson,* 76 N. C., 420.

The record discloses no substantial ground for the contention that the judgment complained of deprives the plaintiff of its property without due process of law. As a rule the State determines its own policy in matters of taxation and the Federal Government is not charged with the duty of supervising State action. It is only when the action of the State authorities is found to be arbitrary that the courts interfere with assessments on the asserted violation of the due process clause. *Embree v. Kansas City, etc.,* 240 U. S., 242, 60 L. Ed., 624; *Hancock v. Muskogee,* 250 U. S., 454, 63 L. Ed., 1081; *Goldsmith v. Pendergrast Construction Co.,* 252 U. S., 12, 64 L. Ed., 427. We have discovered no indication of arbitrary action on the part of the court or the State authorities.

We find it unnecessary to consider other phases of the question which are referred to in the brief of the appellee. Judgment

Affirmed.