## HINE v. BOARD OF COUNTY COM'RS OF McCLAIN COUNTY et al.

No. 23789.   April 14, 1936.

Rehearing Denied June 16, 1936.

C. G. Moore and E. E. Blake, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley and Roy Glasco, for defendants in error.

PHELPS, J.   A motion to dismiss this appeal has been filed and argued. From studying the appeal on its merits we have come to the conclusion that the judgment of the trial court should be affirmed, and it is therefore unnecessary to pass upon the motion to dismiss.

A drainage district and ditch were formed and constructed, the main ditch being about eleven miles long, running from the northwest to the southeast in direction, with its outlet in the Canadian river at Purcell, Okla. The district was formed and the work performed under the provisions of our Drainage Act, sections 13001 to 13056, O. S. 1931, which were sections 6039 to 6091, C. O. S. 1921.

It is unnecessary to review each of the many steps taken in the formation of the district. The record of those proceedings is incorporated in the voluminous record before us. We have read every page thereof and have carefully checked the proceedings minutely against the directions contained in the statutes. There appears to have been a literal compliance therewith.

Plaintiff's land lies at the lower end of the ditch, and his is the last land through which the ditch passes. From the eastern edge of his land the ditch is carried along the river for about one quarter of a mile, and empties into the riverbed. The ditch as planned and constructed does not pass through the lowest part of his land, along the natural drainage therefor, but through a higher part.

The report of the second viewers, in compliance with sections 13010 to 13013, O. S. 1931, came on for hearing before the board of county commissioners on January 11, 1930, pursuant to proper notice duly issued and served in accordance with law. Numerous protests were filed, including protests by the plaintiff in this case. These protests were against the project as a whole and also against the amounts of assessments or damages allowed. The plaintiff filed exceptions to assessments of benefits and damages, on about 50 tracts of land. The board of county commissioners had many hearings and took much evidence, resulting in an order by that body on February 27, 1930, canceling the assessments entirely on 13 tracts of plaintiff's land and reducing the assessments on several other tracts. In this order the board further recommended that the property owners in the drainage district petition said board to eliminate that part of the ditch and all of the proposed work lying east of the present bridge on Highway No. 77. where it leads into Purcell, and recommended other changes. The plaintiff appealed from that order of the board to the district court under sections 13019 to 13021, O. S. 1931 (6057 to 6059, C. O. S. 1921). This appeal was heard by the district court, a large number of witnesses were examined by both sides, and at the conclusion of the trial, which had

lasted two days, that court affirmed the order of the board of county commissioners, except as to the assessment of one ten-acre tract of land, which was canceled. The plaintiff filed a motion for new trial in that case, and on December 6, 1930, filed an amended motion for new trial, wherein he set forth that on December 1, 1930, the commissioners had ordered the change in construction hereinafter described. The motion for new trial, and the aforesaid amended motion for new trial were heard and considered by the trial judge and overruled. That judgment became final.

The present action was filed in the same district court on December 18, 1930, seeking to enjoin the county commissioners (the drainage district commissioners) and the construction company from constructing the ditch, and from issuing bonds to pay for the cost thereof, and from enforcement of the assessments against plaintiff's land. Later this petition was amended, and therein the plaintiff attacks the entire proceedings from the beginning to the end.

The trial court in the present action examined the proceedings to form the district, and held that it was properly formed in compliance with the statutes. He also held that the judgment in the above appeal by plaintiff, which had already been made, was res judicata of the question of validity of the assessments of benefits and damages. The trial court then heard evidence and argument concerning whether any damage had been caused to plaintiff, or would likely be caused him, by the changes ordered by the board of county commissioners on December 1, 1930. He held generally for the defendants, basing his judgment on the specific fact finding that plaintiff was not damaged by reason of the changes ordered.

From the great length of the record and the briefs, and the intensity of the oral arguments had in this case, one would expect it to result in a lengthy and detailed treatise on the law of drainage districts, and the constitutionality thereof. However, such is not necessary. We find that this appeal should be disposed of on two grounds: First, not only do the proceedings to form the district, and the assessment of benefits and computation of damages, appear to be regular on their face, but we must also presume that the correctness of the benefits and damages were concluded in the former appeal to the district court, mentioned above; second, a careful review and weighing of the evidence reveals that the court's finding that plaintiff was not damaged by the changes ordered

on December 1, 1930, is not against the weight of the evidence.

Under the drainage act ample opportunity was afforded plaintiff to challenge the correctness of benefits assessed and damages sustained. The plaintiff exercised this right, filed his protest before the commissioners, and appealed thereafter to the district court. Nevertheless, the trial court in the present action consented to review the record for the purpose of determining whether the district had been properly formed, and found that it had. We have also reviewed the record in that respect, and have been unable to find any detail overlooked or omitted in the formation of the district. On the question of benefits and computation of damages the trial court in the appeal in the former action thoroughly considered those matters, and made alterations therein. Plaintiff and defendants were thereby concluded by that judgment. Plaintiff contends that he had no right to appeal in that action from the district court to the Supreme Court. If that be true, it does not change the binding force of the judgment, for all that plaintiff was entitled to was a judicial review of the proceedings of the board. He obtained that review.

This leaves for consideration the question of the effect of the changes ordered by the commissioners on December 1, 1930. These changes were necessary by reason of reductions in assessments, as stated above, and included the elimination of some lateral drains considerably above plaintiff's land, the elimination of dikes or retaining walls below plaintiff's land, and a lessening of the depth of the ditch one foot. The change also included elimination of all of the work east of a certain bridge, which was below plaintiff's land, and an elimination of all assessments on property owners in that vicinity. The contemplated change also provided for a lessening of the width of the ditch one foot, but the evidence reveals that the ditch as actually dug was not narrower than the original plans called for.

There is much logic and good reasoning in plaintiff's contention that a substantial change in the plans, after assessments of benefits and damages as per the original plans which change would materially damage the plaintiff, would be unconstitutional as a taking of property without due process of law. It seems reasonable if any such change of plans or construction as is provided for in section 13013, O. S. 1931, would materially decrease benefits or enhance damages it would be such an application of the

statute as would render the proceedings unconstitutional. However, we shall wait until that situation arises before deciding the point.

It is one of the necessary and fundamental principles of law that a party may not complain of the unconstitutionality of a statute, or the proceedings thereunder, unless he has been or will be injuriously affected thereby. Insurance Co. of N. A. v. Welsh, 49 Okla. 620, 154 P. 48; Bennett v. State, 147 Okla. 14, 294 P. 149; Black v. Geissler, 58 Okla. 335, 159 P. 1124; Kelly v. Roetzel, 64 Okla. 36, 165 P. 1150. The question therefore resolves itself into one of fact, as to whether the trial court's finding in this respect was against the weight of the evidence. We do not think it was. Plaintiff introduced very little evidence on the issue of whether the change as actually made had or would materially damage him. Neither of his witnesses who were engineers spoke from the viewpoint of the effect of the change, except that one of them testified to a decrease in the capacity of the ditch, or that part of it in plaintiff's land, from 1,900 cubic feet per second to 1,100 cubic feet per second. The defendants, however, showed that the decrease in carrying capacity was uniform throughout the entire length of the ditch, in proportion to its width and burden. On the other hand, three expert engineers of considerable experience testified for defendants and gave facts and reasons in support of their statements that the change in the depth could not materially affect the plaintiff's land, or cause the ditch to fill "any worse than the original plans did." One of them also testified that the ditch had actually been widened about 25 per cent. Another of such witnesses, in direct contradiction to the plaintiff's witness, testified that the change in the plan did not materially affect the carrying capacity of the ditch. These witnesses also testified that the elimination of the dikes or retaining walls below plaintiff's land would benefit plaintiff instead of damaging him, in that the water was thereby afforded a more ready means of escape. We have read all of the testimony on this question. Said testimony, even on the face of the record and without the benefit of personal observation of the witnesses, makes it appear plausible that the plaintiff has not been materially affected by the change in the plans or construction of the ditch. It follows that we are unable to say that the trial court's finding of fact was against the clear weight of the evidence.

It may be, as so earnestly contended by the plaintiff, that he has been assessed in excess of his benefits. It may be that the others along the ditch shared the same experience. But if such is the fact, the legal significance thereof was adjudicated in the former proceedings and appeal of plaintiff and others. And too, if that be a fact, then it is not evidenced by the record in the instant case. The deductions of plaintiff in this respect are largely based upon calculations wholly at variance with the evidence in the record before us. It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

OSBORN V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and RILEY, J., absent.