### HINE v. BOARD OF COM'RS OF McCLAIN COUNTY et al.

No. 29554. Sept. 10, 1940.

Rehearing Denied Dec. 17, 1940.

108 P. 2d 112.

R. E. Bowling, of Pauls Valley, for plaintiff in error.

J. B. Dudley and J. B. Dudley, Jr., both of Oklahoma City, Roy Glasco and E. Smith Hester, both of Purcell, and Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for defendants in error.

RILEY, J. This action was commenced by plaintiff in error, hereinafter referred to as plaintiff, against the county commissioners of McClain county, as drainage commissioners of Walnut creek drainage district No..1, of McClain county, and Leo F. Gresham, county treasurer of McClain county, defendants in error, hereinafter referred to as defendants, wherein plaintiff seeks a judgment and decree canceling assessments, interest, and penalties levied against a large number of tracts of land owned by plaintiff.

The assessments complained of are special assessments against plaintiff's land levied for the purpose of raising funds with which to pay bonds issued in connection with the construction of the drainage ditch in said district.

Plaintiff also seeks recovery of possession of that part of his land through which the drainage ditch was constructed.

The validity of the assessments involved is assailed upon several grounds. Summarized as follows:

Plaintiff in his petition refers to the transcript of record concerning the drainage district. He then alleges that the proceedings as disclosed in said transcript are void on its face, and, therefore, defendants were without authority of law, or any authority, to levy the assessments against plaintiff's land, and that the commissioners acted without authority of law in taking plaintiff's land in excavating the ditch, and the taking to that extent was without authority of law, and without compensation, all in violation of the due process of law clause of article 14 of the Constitution of the United States.

As particular grounds showing said proceedings void, he alleges:

1. The county commissioners were not in regular meeting when the original proceeding was begun, and that

orders made on the petition filed were void.

2. (a) The original petition was not signed by five or more residents of the county who claimed to be affected by the proposed drainage improvement; (b) that said petition did not set forth the necessity for the improvement with a general description of the proposed drain, the starting point, route or terminus, and whether it was desired to issue bonds and other evidence of indebtedness to meet the expense thereof; (c) that the persons purporting to have signed the petition were not residents of the county; neither did they own land in the proposed drainage district; (d) that one signer, Roy Glasco, is a lawyer acting for himself and the other petitioners and for the drainage district, and for that reason was not eligible to become one of the five signers, therefore, there were only four signers, and these were not bona fide residents and landowners; (e) that no sufficient bond was filed with said petition.

3. The viewers appointed were not resident freeholders of the county, not interested in the construction of said work, and did not take and subscribe the oath required by law; that the report of the first viewers gave the starting point of the proposed draw at a certain point on the south line of a certain section and the ending at a point where Walnut creek empties into the South Canadian river in a certain section, and that notice of such return was not given as required by law.

4. That numerous protests were filed, but were not heard by the commissioners; that after the approval of said proceedings, the commissioners made an order changing the east terminus, and vacated and set aside certain assessments against the Gulf, Colorado & Santa Fe Railway Company. That said change in terminus and cancellation of certain assessment rendered the entire proceedings void, and was done in order to induce certain protestants to withdraw their protests and to avoid threatened litigation by the Atchison, Topeka & Santa Fe Railway Company; that if said proceedings were not void, then the statutes and laws under which the proceedings were had are unconstitutional.

That by reason of the commissioners omitting many properties included in the boundaries of the district, they thereby limited funds available for payment of cost of construction to a sum less than necessary to pay cost of construction; that at the beginning plaintiff protested and attempted to show that the construction of the ditch would not benefit his property, but would destroy it, and that now six years of its existence had proven his claims and his land had not been benefited, but a part thereof had been destroyed and rendered worthless, so that in addition to taking his land without just compensation the commissioners have laid an assessment against it, which amounts to a confiscation thereof; and finally plaintiff alleged:

"Plaintiff further shows to the court that in addition to the allegations heretofore made, he pleads that there was a substantial change in the plans for the said drainage district, for the construction of the ditch and laterals after assessments of benefits and damages according to the original plans had been made, and that such change would materially damage the plaintiff as above related and that therefore the said proceedings were unconstitutional as a taking of plaintiff's property without due process of law as heretofore herein pleaded, and that all laws, rules and regulations permitting such a change to be made at such time are unconstitutional for the reason that such laws as section 13013, O. S. 1931, provides a procedure which used in the present proceedings did materially damage plaintiff, and the application of such a statute rendered the entire proceedings unconstitutional."

Demurrer to the petition was filed and overruled.

Thereafter Briggs - Campbell Construction Company intervened. After it alleged it as contractor constructed the drainage ditch; that bonds in the total sum of $108,000 were issued by the dis-

262

trict, of which intervener received, as part payment on its contract, bonds of the par value of $106,000, of which it still owned $74,000, it denied all the allegations of plaintiff's petition, except it admitted that plaintiff's lands were assessed for the total amount alleged in plaintiff's petition. It then alleged:

"That all of the questions raised' by the plaintiff herein in his said petition have been previously adjudicated and determined in actions in the district court of McClain county, Oklahoma, wherein all of the parties to this action were parties and by final orders of the board of county commissioners of Mc-Clain county, Oklahoma, and by the Supreme Court of Oklahoma on appeal from the district court of McClain county, Oklahoma, as hereinafter plead in detail by this intervener by reason of which the plaintiff is forever barred and precluded from again asserting the invalidity of the assessments or the proceedings upon which the same were based affecting the lands of the plaintiff in Walnut creek drainage district No. 1, of McClain county, Oklahoma."

It then alleged in detail all the proceedings had concerning the organization of said drainage district, and action thereon and an appeal to the district court, where, it alleged, a final judgment was entered wherein certain assessments were canceled and others reduced. That said judgment became final, and that:

"* * * Plaintiff is now estopped and precluded from now contending or asserting that his lands are not benefited by said drain and improvement or that said lands are damaged to any greater extent than the amounts awarded by the viewers and approved by the board of county commissioners of McClain county, Oklahoma, as damages to his said lands, and is estopped and precluded by said order overruling motion for new trial from now asserting that the order of said board made and entered on December 1, 1930, changing locations and specifications of said drains and laterals is void or illegal or that the same was without authority of law."

It then alleged in substance that plaintiff had theretofore:

"* * * commenced an action in the district court of McClain county, Oklahoma, entitled 'L. T. Hine, Plaintiff, v. Board of County Commissioners of Mc-Clain County, Oklahoma, Walnut Creek Drainage District Commissioners, whose name is unknown to this plaintiff, and the Briggs-Campbell Construction Company of Omaha, Nebraska, Defendants,' which action was docketed on the docket of the district court of McClain county, Oklahoma, as case numbered 4984, and was filed in said court December 18, 1930, to enjoin the construction of said ditch."

Copy of the original petition and copies of several amended petitions and amendments to the petition in said court were attached to intervener's pleading.

"* * * The issues raised therein were identical to the issues raised in the case at bar and the plaintiff raised all of the questions or could have raised all of the questions in the case at bar and upon which he seeks relief in the case at bar, and said judgments in said cases are final and conclusive, and the plaintiff is by said judgments forever barred and precluded from relitigating the said issues which he has raised in his said petition."

Defendant's answer was substantially the same as the plea of intervener.

Plaintiff then filed an answer and cross-petition against Briggs-Campbell Construction Company. The cross-petition, as follows, alleged:

"That he (plaintiff) is the owner of the lands described in his petition herein, to which the intervener has filed its plea of intervention, wherein said intervener admits that it accepted employment by the drainage commissioners for the excavating of the ditch and for the excavating of the drainage ditch through plaintiff's land; that prior to the digging of said ditch, plaintiff warned the intervener not to cut a ditch through his land in any way, warned it that the proceedings were void, tried to prevent intervener from excavating said ditch by appearing in court and filing objection, to all of which intervener paid no attention, but proceeded to excavate a ditch through plaintiff's land; that in the cutting and digging of said ditch the intervener paid no attention to plans

and specifications, paid no attention to the illegality of the acts and doings of the drainage commissioners, paid no attention to the fact that it was destroying the property of plaintiff, but proceeded without right, rule or reason to excavate a ditch through plaintiff's land; that in some places, especially near where State Highway No. 77 crosses Walnut creek, intervener proceeded to excavate a large ditch or channel that has never been used in any way, to the damage of plaintiff.

"That plaintiff has been damaged by the acts and doings of said intervener by the cutting, excavating and digging of said ditch, causing his property to overflow, causing him to have two channels of the stream through his land where before he only had one, and entirely destroying at least 100 acres of plaintiff's land to the damage of plaintiff of at least $20,000; that a large part of said land was good river bottom land and creek bottom land, worth from $50 to $100 an acre; that at least 100 acres of said land has been ruined by the excavation of said ditch by intervener.

"Wherefore, plaintiff prays that he have and recover of and from said intervener, the Briggs-Campbell Construction Company, a corporation, $20,000, and all costs."

Issues were joined by replies.

Thereupon defendants filed a motion for judgment on the pleadings based, among other matters, upon the case of L. T. Hine v. Board of Co. Com'rs of McClain County, 177 Okla. 251, 58 P. 2d 570.

The intervener filed a like motion.

The motions were sustained and plaintiff's petition and cross-petition were dismissed and judgment entered for defendants and intervener, and plaintiff appeals.

The question presented is whether the judgment as to matters actually litigated and determined in the former action between the parties to this action and their privies, as well as all matters germane to the issues therein which could or might have been determined, constitutes an adjudication of the matters involved in this action so as to establish estoppel by judgment under the doctrine of res adjudicata.

It is well settled that:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues, which could or might have been litigated and determined therein." Staples v. Jenkins et al., 178 Okla. 186, 62 P. 2d 504; Wheeler v. Smoot, 183 Okla. 447, 83 P. 2d 186; Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311.

The rule goes to the extent that:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction upon the same or a different cause of action." Staples v. Jenkins, supra; Cressler v. Brown et al., 79 Okla. 170, 192 P. 417.

The inquiry as to res adjudicata is not limited to the mere formal judgment. It extends to the pleadings, verdict or findings. The scope and meaning of the judgment is often determined by the pleadings. Cressler v. Brown et al., supra.

The parties in the former action were identical with the parties herein, except as to the county treasurer, who was not a party to the former action, but the county treasurer is, and must of necessity be, in privity with the county commissioners as commissioners of the drainage district. He has no personal interest in the matter. His duties are purely ministerial and concern only the matter of custody of the tax rolls and collections of the assessments levied for the purpose of paying for the construction of the drainage project.

Among plaintiff's former pleadings it was averred that the board acquired no jurisdiction by the original petition to create the district; that action of the viewers was without authority and that the report was void; that the board had no jurisdiction to make the order approving and confirming the report of the viewers.

Plaintiff previously challenged the validity of the change in terminus and dimensions of the ditch, from every angle.

By a second amendment to his petition in the former action, plaintiff challenged the validity of chapter 38, C. O. S. 1921, as being repugnant to the Constitution of the United States, and the 5th and 14th Amendments thereto, and as being repugnant to the sections 7, 23, and 24, art. 2, of the Constitution of Oklahoma.

That the plaintiff in the former action attacked the validity of the proceedings relative to the formation of the district and the assessments levied against his land, is demonstrated by what was said in the opinion in Hine v. Board of Co. Commissioners, 177 Okla. 251, 58 P. 2d 570.

"The present action was filed in the same district court on December 18, 1930, seeking to enjoin the county commissioners (the drainage district commissioners) and the construction company from constructing the ditch, and from issuing bonds to pay for the cost thereof, and from enforcement of the assessments against plaintiff's land. Later this petition was amended, and therein the plaintiff attacks the entire proceedings from the beginning to the end."

It is true that some additional reasons for alleged invalidity of the proceedings creating the district and levying the assessment are set up in the petition in the instant case, viz., that the board of county commissioners was not in regular session when the original proceedings were begun; that the petition was not signed by five or more residents of the county affected by the proposed improvement; that the petition did not set forth the necessity for such improvement with a general description; that one of the five signers of the original petition was disqualified in that he was a lawyer active for himself and the other signers and for the district; that no sufficient bond in a sum not less than $50 per mile of the proposed project was filed; that the order appointing viewers was not made by the board while in regular session, and that the viewers appointed were not resident freeholders of the county not interested in the project; and that they did not take the oath required by law.

All of these allegations, though not mentioned in the pleadings in the former action, were but other or additional reasons why plaintiff claimed the proceedings were void. They are matters germane to the issues in the former action and could have been set forth and litigated in the former action. There appears to be no reason why the new matters set up in the petition herein could not have been included in the former action. The record of the proceedings challenged was open to plaintiff in the former action. Some of them would not show from the record, but there is no contention and no claim made that plaintiff did not know or could not have ascertained, with reasonable diligence, the alleged facts upon which he now relies.

A plaintiff should be required to set forth all available grounds for the relief he seeks. He should not be permitted to present his case piecemeal. Tolliver v. First Natl. Bank, 179 Okla. 191, 64 P. 2d 1215.

Plaintiff urges that as to intervener this is a suit for damages, but the question of whether plaintiff was or would be damaged by reason of the various changes in the project was presented to the court in the former case.

It was held in the opinion in the former case that the changes ordered by the commissioners were rendered necessary by reason of the reduction in assessments. The former opinion then discusses the question of the trial court's

findings in respect to whether plaintiff had been damaged by the changes. The evidence was reviewed, and it was held that the findings of fact in this respect were not against the clear weight of the evidence.

From the record as a whole, it clearly appears that the motions of defendants and interveners were well taken. That all matters here in issue were in issue or could have been brought in issue in the former action. The judgment therein is conclusive against plaintiff on all matters pleaded.

The order and judgment are affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. CORN, J., absent.