CUNNINGHAM v. OKLAHOMA CITY et al.

No. 30202. Feb. 15, 1941.

*110 P. 2d 1102.*

Edward Kirby Brook, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, both of Oklahoma City, for defendants in error.

WELCH, C. J. February 20, 1940, an election was held in Oklahoma City for the purpose of deciding whether said city should issue $6,911,000 negotiable coupon bonds for the purpose of providing funds for proposed water supply improvements. Admittedly the election was held in pursuance of the authority of art. 10, secs. 26 and 27, Constitution of Oklahoma, Okla. St. Ann., and is whol-

ly governed by said constitutional provisions, as aided and construed by applicable laws of the State Legislature and decisions of this court.

The ballots cast at this election were counted, certified, canvassed, and the result thereof declared: for the proposition 7,578 votes; against the proposition 7,182 votes. Calculation shows a majority for the proposition of 396.

On the 23rd day of December, 1940, this action was filed by F. Cunningham, "a resident registered property taxpaying voter of said city," against said city and its officials, whereby it was sought to have said election declared "illegal, void and of no effect." There were allegations of various acts on the part of the city and those officials charged by law with the duty of the holding of the election whereby voters of a number sufficient to change the result of the election, not qualified by law, were permitted to vote, by reason of which the election was alleged to be illegal and void.

The cause was determined in trial court upon defendant's motion to dismiss, urging application of the rule of res adjudicata. The judgment of dismissal was in material substance as follows:

"This matter coming on for hearing . . . upon the defendant's demurrer and motion to dismiss . . . and the court after carefully examining plaintiff's petition and defendant's motion to dismiss to which there was attached as exhibits the petition and journal entry of judgment in cause No. 100,722 of this court (being the cause determined in Supreme Court November 26, 1940, No. 30056 Henry v. City of Oklahoma City, 188 Okla. 308, 108 P. 2d 148), and after hearing argument of counsel and being fully advised in the premises finds: . . . that all of the issues presented by the petition in the case at bar and sought to be adjudicated herein have heretofore been adjudicated in said cause No. 100,722 of this court, which was thereafter affirmed by an opinion of the Supreme Court . . . and that the issues therein determined are res judicata as to the issues in this matter and is a bar to this action instituted by a taxpayer for the purpose of declaring the election complained of illegal or

void. That the defendant's motion to dismiss this action should be sustained,"

followed by appropriate concluding language dismissing the action. This appeal is prosecuted from that judgment and order.

The record before us on this appeal discloses that the petition in the present case is in all material respects substantially similar to the petition filed in the former case. Henry v. City of Oklahoma City, Oklahoma, No. 30056, decided in this court November 26, 1940, 188 Okla. 308, 108 P. 2d 148.

In fact, the only difference in the two cases which plaintiff claims exists may be shown in his own words which we now quote from his briefs:

"The right to vote without a tax receipt is the only question pleaded and decided that was put directly in issue in the Henry Case.

"In the Henry Case, supra, there is also mentioned in paragraph four of said opinion, the Constitution, wherein the court says: 'That the election officials must determine what electors presenting themselves to vote are wholly qualified,' and cite 18 A. J. page 227, section 72, which apparently holds against the court, as said citation provides the 'Legislature may determine how a voter may qualify,' which was attempted by the enactment of section 6042, of the 1931 statutes. In paragraph 5 of said opinion the court says: 'That we are of the opinion that until the Legislature may otherwise provide, the election officials are justified in accepting from prospective electors affidavits of their eligibility to vote. The Attorney General has so advised election officials for many years and we feel it may be held to amount to an administrative construction of the law on the subject.' We have always believed it sound to hold that opinions of the Attorney General acquiesced in for a long period of time amounted to an administrative construction of the point involved, we applied the same reasoning in the Attorney General opinions with reference to section 6042 of the 1931 statute, however, we have not been able to find an opinion by the Attorney General wherein he says that an elector voting at a bond election held under article 10,

section 27, of the Constitution, may vote on a so-called affidavit which fails to state therein that he is a property tax-paying voter of the city in which the election was held. It is this question that is raised for the first time in the case at bar."

And, again, the following:

"The main difference as the plaintiff sees these cases is that in the Henry Case, supra, the court was construing a statute and held that a voter did not have to have a tax receipt as required under section 6042 of the 1931 statute, thereby nullifying same. Under the Cunningham Case, the allegations are that the election is void for the reason that the provision with reference to elections of this kind as provided under the Constitution were violated and that voters were allowed to vote at said election without any further qualification than was provided by the so-called affidavit; then it is the plaintiff's belief that the rule laid down in the Henry Case cannot possibly apply in the Cunningham Case. . . ."

As we understand plaintiff's present contention, he does not claim any difference in facts in the two cases, but his position is that in the former case the Supreme Court did not specifically pass upon the question of whether or not votes were cast in violation of the Constitution, but therein merely passed upon certain statutory provisions, and that in the present suit he seeks to have a determination of a purely legal question upon the same facts as the present case because that particular legal question was not raised or passed upon in the former case.

Plaintiff cites Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Washington, Alexandria & Georgetown Packett Co. v. Sickles, 72 U. S. 580, 18 L. Ed. 550; Hine v. Board of County Com'rs, 188 Okla. 260, 108 P. 112; Mobile County v. Kimball, 102 U. S. 691, 26 L. Ed. 238; Johnson v. Whelan et al., 186 Okla. 511, 98 P. 2d 1103; Fayerweather v. Ritch, 195 U. S. 276, 49 L. Ed. 193, in support of his contention that the question in the present case was not specifically decided in the former case, and that the rule of res judicata is not applicable.

We think the rule of these cases as pertains to the present question is correctly reflected in 30 Amer. Juris. page 925, paragraph 180, as follows:

"The rule granting conclusiveness to a judgment in regard to issues of fact which could properly have been determined in the action is limited to cases involving the same cause of action. Where a second action is upon a different claim, demand, or cause of action, the established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein. Accordingly, before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action. These rules prevail whether the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se."

And in paragraph 179, page 923, of the same text as follows:

"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case. extends not only to matters actually determined, but also to other matters which could properly have been determined in the prior action. This rule applies to every question falling within the purview of the original action, in respect to matters of both claim and defense, which could have been presented by the exercise of due diligence."

See, also, paragraph 178, page 920, of the same text for a discussion generally.

It is not pointed out in argument or citations of authorities wherein the rules thus stated extend to pure questions of law as distinguished from questions of fact, but we will assume such to be true for purposes of this opinion.

If we accept as correct plaintiff's assertion that the question here sought to be determined was not specifically decided in the former case, it is obvious that

we must still find that the present action is brought on a different cause than the former action, for it seems clear that the question now sought to be presented is germane to the former cause and unquestionably could have been presented therein.

It is not pointed out wherein the cause of action in the former and in the present case differ. The causes of action in the two suits appear to us to be identical. The facts pleaded are substantially the same; the subject matter of the two actions is the same—they each attack the validity of a certain election; the party plaintiff herein is a member of the same class in public interest as the plaintiff in the former action; each of the actions sought to have the election declared void and the obvious purpose of both actions is to prevent the issuance of bonds upon the theory that the election held upon the question of their issuance is illegal and void.

The case is therefore controlled by the rule announced by the first syllabus in Hine v. Board of County Com'rs, supra, which reiterates the rule many times previously incorporated in numerous opinions of this court. Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 P. 854; City of El Reno v. Cleveland Trinidad Paving Co., 25 Okla. 648, 107 P. 163; Prince v. Gosnell, 47 Okla. 570, 149 P. 1162. For further citations of opinions by this court see 9 Okla. Digest under Judgments, Key No. 713 (2). See, also, 30 Amer. Juris. p. 914, par. 172.

The trial court, therefore, did not err in applying the rule of res judicata. See, also, Davis v. Town of West Greenville, 147 S. C. 448, 145 S. E. 193; Delta Fish & Fur Farm v. Pierce, 203 Wis. 519, 234 N. W. 881; Cochran County v. Boyd (Tex. Civ. App.) 26 S. W. 2d 364; Luhrs v. City of Phoenix, 33 Ariz. 156, 262 P. 1002; Parsons v. Arnold, 235 Ky. 600, 31 S. W. 2d 928; Holman v. Bridges, 165 Ga. 296, 140 S. E. 886; Pate Hotel v. Morris, 205 N. C. 484, 171 S. E. 779; State ex rel.

Sullivan v. School District, 100 Mont. 468, 50 P. 2d 252; Atchison, T. & S. F. R. Co. v. Freemont County, 95 Colo. 435, 37 P. 2d 761.

Plaintiff asserts that he has been denied due process of law in violation of the State and Federal Constitutions. His argument thereon consists principally of criticism of the decision of this court in its disposition of the former case in Henry v. Oklahoma City et al., opinion Nov. 26, 1940, 188 Okla. 308, 108 P. 2d 148, and in his assertion that he is entitled to his day in court to establish his contentions.

The authorities hereinbefore cited seem sufficient to show that plaintiff has already been given ample opportunity to submit his rights or questions to a court of competent jurisdiction. If he failed to present his question at the opportune time and in the manner provided by law of long and almost universal application, we can see no merit in his complaint in that regard.

The judgment of the trial court is affirmed.

CORN, V. C. J., and GIBSON and HURST, JJ., concur. RILEY, J., concurring specially.

RILEY, J. I concur herein, expressing no opinion on the issue of the sale of the bonds involved, upon a chilled market, pending litigation concerning validity of the bonds. That question is not now before us, but judges cannot be blind to that which everyone knows, especially upon questions publici juris.

Everyone may know there is now a third action which may present the question not now before us. It may present an issue of law depending upon facts occurring subsequent to those of record by which we measured the issues in Henry v. City of Oklahoma City, 188 Okla. 308, 108 P. 2d 148, and by which we measure the cause this day determined.